YELLOW ASTER MIN. & MILL. CO. v. CRANE CO.

(Circuit Court of Appeals, Ninth Circuit. February 11, 1907.)

No. 1,199.

REMOVAL OF CAUSES—CITIZENSHIP OF PARTIES—SUIT BETWEEN NONRESIDENTS.

A suit in a state court, in which neither of the parties is a citizen or resident of the state, and which could not, therefore, have been originally brought in a federal court, is not removable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, §§ 30, 31.]

In Error to the Circuit Court of the United States for the Northern District of California.

J. S. Chapman and Frank McGowan, for plaintiff in error.

J. C. Campbell, W. H. Metson, C. H. Oatman, and F. C. Drew, for defendant in error.

Before GILBERT and ROSS, Circuit Judges.

ROSS, Circuit Judge. This action was originally brought in one of the superior courts of the state of California by the defendant in error to recover for goods, wares, and merchandise by it sold and delivered to the plaintiff in error. The defendant in error being a corporation of the state of Illinois, and therefore a citizen of that state, and the plaintiff in error being a corporation of the state of Nevada, and therefore a citizen of that state, the latter moved the state court for the transfer of the action, because of such diverse citizenship of the parties, to the United States Circuit Court for the Northern District of California, and, upon the filing of the petition and a bond, the case was so removed and tried in the court below, resulting in a verdict and judgment in favor of the plaintiff in the action, from which court the case was brought here for review by writ of error.

Neither party to the action being at the time of its commencement a citizen or resident of the state of California, we must, without reference to the merits of the controversy, upon the authority of the case of Ex parte Abram C. Wisner, 27 Sup. Ct. 150, 51 L. Ed. ——, decided by the Supreme Court December 10, 1906 (Advance Sheets), reverse

the judgment, with costs to the defendant in error, and with directions to the court below to remand the case to the state court from which it came, for lack of jurisdiction of the federal court over it.

Ordered accordingly.