GOLDBERG, BOWEN & CO., Inc., v. GERMAN INS. CO. OF FREEPORT, ILL.

(Circuit Court, E. D. Louisiana. April 10, 1907.)

No. 13,443.

1. REMOVAL OF CAUSES—FILING TRANSCRIPT—TIME.

Act March 3, 1875, 18 Stat. 472, c. 137, § 7 [U. S. Comp. St. 1901, p. 512], provides that in all cases removable to the federal court, if the term of the Circuit Court to which the case is returnable then next to be holden shall commence within 20 days after the filing of the petition and bond in the state court for its removal, then the applicant shall have 20 days from such application to file the copy of the record in the circuit court and to enter appearances therein. Section 3 declares that a defendant applying for removal shall give bond for his or their entry in such circuit court on the first day of its then next session of a copy of the record in such suit. *Held* that, where a term of the federal Circuit Court was in session at the time an application for removal of a cause was made, the applicant was not in default for failure to file the record within 20 days, but was entitled to file the same on or before the first day of the next succeeding term.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 190.]

2. SAME—EFFECT OF REMOVAL—JURISDICTION.

Though the filing of a petition to remove a cause to the federal court operates as a removal and vests complete jurisdiction over the cause for all purposes in the federal court, the regular course of proceedings is suspended until the return day for the filing of the transcript in the federal court, though such court has jurisdiction in the interim to take any ex-

traordinary proceedings required for the protection of any party to the cause.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, §§ 204, 205.]

**3. SAME—CAUSES REMOVABLE—RESIDENCE OF PARTIES.**

Where the cause could not have originally been brought in a federal Circuit Court because neither the plaintiff nor the defendant resided within the district, it was not removable to such court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, §§ 32, 33.]

**4. SAME—CONFLICT OF JURISDICTION—REMAND.**

Where all the property of a nonresident corporation in Louisiana had been placed in the custody of receivers appointed by the state courts, and any judgment recovered in an action removed to the federal Circuit Court for trial would have to be referred to the state court for payment, which might lead to a conflict of jurisdiction, the case should be remanded to the state court.

On Motion to Remand and Set Aside Default.

Merrick & Lewis, Philip Gensler, and Ralph J. Schwarz, for plaintiff. W. O. Hart and Max Dinkelspiel, for defendant.

SAUNDERS, District Judge. Plaintiff is a corporation incorporated and created under the laws of California, and the defendant is a corporation created under the laws of Illinois. The suit was originally brought by attachment in the civil district court for the parish of Orleans, where the petition was filed on October 26, 1906. The state court acquired jurisdiction over the defendant by attachment of the defendant's property in the city of New Orleans served on October 26, 1906. On November 7, 1906, the defendant was further cited "through M. A. Shumard, its agent in person." The record does not show how the defendant came to be cited through M. A. Shumard as its agent. The petition alleges that:

"The defendant is absent from the state, but has property, rights, and credits subject to seizure within the jurisdiction of this honorable court."

The prayer is:

"That the German Insurance Company of Freeport, Ill., be cited to answer this petition, and, if the court deems it necessary, a curator ad hoc be hereafter appointed to represent the defendant company, and said company be cited through said curator ad hoc."

Not only is there no averment in the petition that M. A. Shumard is the agent of the defendant, but the petition necessarily implies that there was no agent of the defendant here through whom it might be summoned so far as the plaintiff knew. The sheriff's return shows that the citation was served "through M. A. Shumard, its agent in person." On October 30, 1906, the defendant filed a petition to remove the case from the state court into this court, which was not sworn to, until November 8th, on which day the bond for the removal of the cause was given. On November 9th the state judge gave the usual order to remove the case into this court. There the matter stood until January 7, 1907, when the clerk made and signed a certificate of the transcript. This certificate was completed on January

9, 1907, and the transcript was taken by the attorney of the plaintiff and filed in this court on January 9, 1907. The parties admit that the plaintiff ordered the transcript, paid for it, and filed it in this court. On January 23, 1907, Mr. W. O. Hart, a member of the bar of this court, as amicus curiæ, filed a statement that receivers had been appointed, William C. Niblack and John C. Davey, Jr., to the defendant the German Insurance Company of Freeport, Ill., in the civil district court for the parish of Orleans; that they had qualified as such; that no appeal had been taken from the judgment; and that said receivers had not been made parties to this petition. Wherefore, he asked the court to take notice of the said proceeding. On January 31, 1907, the plaintiff entered a default in this court against the defendant. On February 2, 1907, the receivers for the defendant company filed a motion in this court requiring "that the plaintiff do show cause on Saturday, February 9, 1907, at 11 o'clock a. m., why the default herein entered should not be set aside because improvidently entered, for the reason that, though the plaintiff has recognized movers as receivers of the defendant by proceedings in this court, it has not made them parties to this proceeding; and on the further ground that this court is without jurisdiction in this case." On the same day the attorneys for the receivers filed a motion that the plaintiff "do show cause on Saturday, February 9, 1907, at 11 o'clock a. m., why this case should not be remanded to the civil district court for the parish of Orleans on the ground that this court is without jurisdiction, because neither the plaintiff nor the defendant in this case is an inhabitant of the district in which this court holds sessions and over which it has territorial jurisdiction, and, as this case could not have been brought up originally in this court, so this court cannot acquire jurisdiction by removal." The parties admit that the property which was attached in this suit in the state court had already been previously attached in another suit in the state court which has not been brought by removal into this court. It is also admitted that receivers have been appointed and qualified by the state court and have taken possession of all the property belonging to the defendant in the state of Louisiana.

1. As to the default: The statute provides:

"That in all causes removable under this act, if the term of the Circuit Court to which the same is returnable then next to be holden, shall commence within twenty days after the filing of the petition and bond in the state court for its removal, then he or they who applied to remove the same shall have twenty days from such application to file said copy of record in said Circuit Court and to enter appearance therein." Section 7, Act March 3, 1875, 18 Stat. 472, c. 137 [U. S. Comp. St. 1901, p. 512].

At the time that the application for removal was filed in the state court the November term of this court had already begun, and this court was in session, and the April term would not begin for over five months.

Section 3 also provides that the defendant applying for removal shall give bond "for his or their entry in such Circuit Court on the first day of its then next session a copy of the record in such suit." The statute thus requires as a general rule that the transcript of the removal case shall be filed in the federal court on the first day of the

152 F.—53

then next succeeding term of the federal court; but, if that day comes less than 20 days from the time of the application for removal, then the applicant for removal shall have 20 days. No provision is made for a case when the Circuit Court into which the case is removable is actually in session at the time the application for removal is filed, and there is no general provision requiring the transcript to be filed within 20 days from the application. Accordingly the transcript in this case was returnable on the fourth Monday of April, 1907.

It is well settled that the filing of the petition to remove and the bond for removal in the state court operates the removal from the state court into the federal court. Thereafter the federal court has complete jurisdiction over the cause for all purposes; but the regular course of proceedings in the removed case is suspended until the arrival of the return day for the filing of the transcript in the federal court. In the interim, the federal court may, if necessary, take any extraordinary proceedings which may be required for the protection of either party in the case. But the regular procedure in the case is interrupted and cannot be resumed until the day arrives on which the transcript is required to be filed in the federal court. Hamilton v. Fowler (C. C.) 83 Fed. 321. The motion to set aside the default will therefore be granted.

2. As to the motion to remand: The sole ground on which the defendant moves to remand is that this court is without jurisdiction, because the suit could not originally have been brought in this court and the statute for removal provides:

"That any suit of a civil nature at law or in equity * * * of which the Circuit Courts of the United States are given original jurisdiction by the preceding section * * * may be removed by the defendant or defendants therein to the Circuit Court of the United States for the proper district."

The contention is that this suit could not have been brought in the Circuit Court, and cannot therefore be removed into the Circuit Court, because neither the plaintiff nor the defendant resided within this district. I think this position is well taken. See Ex parte A. S. Wisner (decided by the Supreme Court December 10, 1906) 27 Sup. Ct. 150, 51 L. Ed. ——, and Yellow Aster M. & M. Co. v. Crane Co. (C. C. A.) 150 Fed. 580. Moreover, as it appears from the admissions of the parties that the only property which the judgment in this case could affect is already in the custody of the state court, and that all the property of the defendant in the state of Louisiana has been placed in the custody of the receivers appointed by the state court, I think the comity between this court and the state court requires that this case should be remanded. This court cannot reach any property of the defendant in Louisiana, because all of the defendant's property is now in the custody and control of the state court. Any judgment that might be rendered in these proceedings would have to be referred to the state court for payment. To retain the case might eventually lead to a conflict of jurisdiction between this court and the state court, and it would be better for the parties and more in keeping with the proper relations between the state and federal court to remand the case.

The case is therefore remanded. The same order will be rendered in the other suits against the same defendant.