### HILL v. WOODLAND AMUSEMENT CO.

(Circuit Court, D. Delaware. January 10, 1908.)

**REMOVAL OF CAUSES—ACTION BETWEEN NONRESIDENTS.**

An action pending in a state court of competent jurisdiction in Delaware, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, brought by a citizen of Pennsylvania against a citizen and resident of New Jersey, is not removable to the

---

[1] 34 N. E. 426, 36 Am. St. Rep. 496.

Circuit Court of the United States for Delaware; and the doctrine of waiver is inapplicable to the case.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 35.]

(Syllabus by the Court.)

Motion to Remand.

Josiah O. Wolcott, for plaintiff.

Anthony Higgins and Horace Greeley Eastburn, for defendant.

BRADFORD, District Judge. James Hill, Administrator of Samuel P. Hill, deceased, and a citizen of Pennsylvania, brought an action on the case in the superior court of Delaware for Kent County, against the Woodland Amusement Company, a corporation and citizen of New Jersey, for the recovery of damages laid at $20,000 for the death of the plaintiff's intestate through alleged negligence on the part of the defendant in the operation of certain machinery connected with a toboggan slide. The defendant, after declaration filed, having seasonably applied for the removal of the cause from the superior court to this court, an order for such removal was made by the superior court April 22, 1907. The defendant put in its pleas July 1, 1907. The plaintiff through counsel entered a general appearance in this court July 10, 1907, and on the same day replied to two of the pleas and demanded that the remaining plea be drawn out before replication to it. At this stage of the pleadings the plaintiff presented two motions to this court; one, that leave be granted him to withdraw his general appearance and his replications, and to appear specially for the purpose of moving that the case be remanded, and the other, that the case be remanded as one not properly within the jurisdiction of this court. It appears from the record, and is admitted, that the plaintiff was at the time of the commencement of the action and still is a citizen and resident of Pennsylvania, and that the defendant was at that time and still is a citizen and resident of New Jersey. Neither of the parties had or has a residence in Delaware. Section 1, art. 3, of the Constitution, provides that "The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish"; and section 2 of the same article provides that such judicial power shall extend to controversies "between citizens of different States." Pursuant to this grant of power Congress, having created the circuit courts of the United States, provided, among other things, by section 1 of the act of March 3, 1887, c. 373, 24 Stat. 552, as amended by the act of August 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], as follows:

"That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which controversy the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different States, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid. * * *

'But no person shall be arrested in one district for trial in another in any civil action before a circuit or district court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Section 2 [U. S. Comp. St. 1901, p. 509], among other things, provides as follows:

"That any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the circuit courts of the United States are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought, in any State court, may be removed by the defendant or defendants therein to the circuit court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any State court, may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein, being non-residents of that state."

Section 3 provides for the removal of a suit, where jurisdiction is founded only on the fact that the action is between citizens of different states, into "the circuit court to be held in the district where such suit is pending."

Before directly and specifically dealing with the vital question whether under the circumstances disclosed by the record this court is "the circuit court of the United States for the proper district," within the meaning of section 2 of the act, and as such has jurisdiction of this case through the removal proceedings resorted to, it may be important briefly to consider the provisions of section 1. That section contains a grant of general jurisdiction, concurrent with that of the state courts, over controversies between citizens of different states, involving the jurisdictional amount. It is true that it declares that "where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." But, notwithstanding the strength of the language of this prohibition, it is conclusively settled by the authorities that a circuit court may have and exercise full jurisdiction in an action between citizens of different states, although held in a district in which neither of the parties resides. The mere fact that a non-resident plaintiff brings his action against a non-resident defendant does not exclude the case from the jurisdiction of the court. Were it otherwise, the writ employed for the commencement of the action would be, not voidable, but void—an absolute nullity, to which no waiver or consent could impart force or vitality. But while the suit is validly brought, although neither of the parties resides in the district, it is voidable, at the instance of the defendant, on objection taken in limine by reason of such non-residence. Under judicial construction the seasonable taking of such objection by the defendant operates as a condition subsequent to and precludes the further exercise of jurisdiction which validly attached to the suit at its inception. The prohibition

is treated as a provision which, while not per se defeating or affecting the jurisdiction of the court, extends to defendants a privilege or immunity they may or may not at their election waive. If the defendant seasonably insists on such privilege or immunity the court is without power further to exercise the jurisdiction originally attaching to the case. But if the defendant does not so insist, the court rightfully proceeds in the exercise of its jurisdiction, wholly unaffected by the non-residence in the district of either of the parties to the suit. But "where the jurisdiction is founded only on the fact that the action is between citizens of different States," and where neither of the parties resides in the district where the suit was brought, has the suit been brought in the "proper district"? On principle and wholly aside from the authorities I think not. Section 1, as above stated, declares in terms that where jurisdiction is so founded "suit shall be brought only in the district of the residence of either the plaintiff or the defendant," and this prohibition against bringing suit elsewhere per se renders the action defeasible. This inherent vice in the action is wholly based upon and exclusively grows out of bringing the action in a district where by reason of the fact that neither of the parties is a resident the suit is necessarily defeasible even if not defeated. To declare that such a district is the "proper district" for the suit would involve a wide departure from the natural, common and obvious meaning of the phrase.

Section 2 provides in effect that controversies of a civil nature between citizens of different states involving the requisite jurisdictional amount, pending "in any State court, may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein, being non-residents of that State." The section, however, does not contain any definition, general or particular, of what constitutes "the proper district." To ascertain the true meaning of that phrase it is necessary to consider this section in connection with both sections 1 and 3. If the proper district is that where one or the other of the parties has his residence, as contemplated by section 1 with respect to suits originally brought in the circuit courts of the United States, which hypothesis I believe to be correct, one requisite to jurisdiction on removal is furnished. But compliance with that requisite alone probably or possibly would result in oppression and uncertainty. A citizen and resident of California sued in a state court of Delaware by a citizen and resident of Florida could have the action removed to the circuit court for the district of California in which the defendant resided, or to the circuit court for the district of Florida where the plaintiff resided. If the defendant could not exercise an election as between California and Florida, to which would he be restricted on a removal? To guard against any such anomalous and absurd condition of things section 3 furnishes another requisite to jurisdiction on removal by providing that where jurisdiction is founded only on the fact that the action is between citizens of different states, it shall be removed from the state court into "the circuit court to be held in the district where such suit is pending." This restriction was necessitated by the generality of the phrase "proper district" as contained in section 2, but, in my

opinion, was not intended to render the district in which a suit is pending in the state court the proper district for the purpose of removal aside from the residence therein of one or other of the parties. From an examination of sections 1, 2 and 3, considered together, two conclusions may reasonably, and, I think, must necessarily be drawn: First, that the proper district to which a suit may be removed from a state court must be a district where one of the parties resides, and, secondly, that, in view of the fact that the removal can be obtained only by "the defendant or defendants therein, being non-residents of that State," the proper district is that in which the plaintiff resides.

Indeed, the conclusions thus reached are not disputed by counsel on either side. It was admitted on behalf of the defendant during the argument that by reason of the non-residence of either of the parties in the district of Delaware the plaintiff would have been entitled to an order remanding the case to the state court had he in limine raised an objection to the exercise of jurisdiction by this court and claimed that the action had been removed to a circuit court not in the proper district. But the defendant contended with much insistence that the case, as a controversy between citizens of different states, involving the necessary jurisdictional amount, was within the general jurisdiction of this court, and in fact was before this court, and that the plaintiff by appearing generally in this court and replying to certain pleas waived his privilege or immunity of which he might otherwise have taken advantage. This contention was based, aside from the authorities, upon an analogy supposed to exist between the conduct of a defendant in an action originally brought in a circuit court in the wrong district in failing to object seasonably on that ground, and the conduct of a plaintiff in an action originally brought in a state court and removed to a circuit court in the wrong district in failing promptly to make similar objection. But there is, I think, no true analogy between the two cases. In the former case, as has been shown, the jurisdiction of the circuit court attaches to the suit, although defeasible, by virtue of section 1. In the latter case whether the jurisdiction of the circuit court attaches at all must depend upon the effect of the removal legislation as contained in sections 2 and 3; for without this legislation there would be no power to wrest from a state court a case within its admitted jurisdiction, deprive it of the exercise of its rightful powers, and commit to the circuit court the determination of the controversy. The existence of jurisdiction in the circuit court on removal must, therefore, find support in some provision in the removal legislation authorizing the removal. If the removal be unauthorized, it is void, and there is no case legally before the circuit court or subject to its jurisdiction for decision. It can only remand the case to the state court whose jurisdiction has wrongfully been interrupted. In such case the doctrine of waiver has no application. No waiver or even consent can create jurisdiction for which there is no warrant of law. Section 2 authorizes the removal of the case "into the circuit court of the United States for the proper district." This is the extent of the authority. There is no authority for removal into an improper district. The

proceedings for removal in this case were, consequently, null and void. There was, therefore, nothing before this court to which its jurisdiction could attach. Further, aside from the particular phraseology of the act there is an inherent improbability that Congress intended to interrupt the exercise by a state court of its jurisdiction in a case the decision of which is admittedly within its rightful power, by permitting its removal to a federal court under such circumstances that the very fact of its removal renders it defeasible in the latter court. Certainly any substantial doubt on this point should be resolved in favor of an uninterrupted exercise by the state court of its unquestionable jurisdiction. Nash v. McNamara (C. C.) 145 Fed. 541; Groel v. United Electric Co. (C. C.) 132 Fed. 252; Crane Co. v. Guanica Centrale (C. C.) 132 Fed. 713; McKown v. Kansas & T. Coal Co. (C. C.) 105 Fed. 657; New Jersey v. Corrigan (C. C.) 139 Fed. 758, 766; Plant v. Harrison (C. C.) 101 Fed. 307; Fitzgerald v. Missouri Pac. Ry. Co. (C. C.) 45 Fed. 812; Kessinger v. Vannatta (C. C.) 27 Fed. 890. Judge Love in the last named case well said:

"It is the constant practice of this court to remand causes brought here from the state courts in cases of doubtful jurisdiction. The reason of this practice is obvious and conclusive. In the first place, the jurisdiction of the state court is unquestionable. It is, at least, concurrent with this court. But the jurisdiction of this court depends upon special facts, and it is in the present case, to say the least, doubtful. It is the safer and wiser course to send a cause for trial to a court of unquestionable jurisdiction, rather than retain it here, and go through all the forms of trial, when the jurisdiction is doubtful."

The cases directly bearing on the jurisdiction of this court to proceed to a hearing and determination in this suit are few and conflicting. The weight of authority, however, supports the motion of the plaintiff to remand. Yellow Aster Min. & Mill. Co. v. Crane Co., 150 Fed. 580, 80 C. C. A. 566; Goldberg, Bowen & Co. v. German Ins. Co. (C. C.) 152 Fed. 831; Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264. In the last named case Wisner, a citizen and resident of Michigan, brought an action against Beardsley, a citizen and resident of Louisiana, in a state court of Missouri. On the application of Beardsley the case was removed into the circuit court of the United States for the eastern division of the eastern district of Missouri, on the ground of diversity of citizenship, and subsequently Wisner moved to remand. The motion was denied, whereupon Wisner applied to the Supreme Court for a writ of mandamus, which was awarded. Mr. Chief Justice Fuller in delivering the opinion of the court, after quoting from sections 1 and 2 of the act, said, among other things:

"Section 3, as amended, provided for petition and bond for 'the removal of such suit into the Circuit Court to be held in the district where such suit is pending.' As it is the non-resident defendant alone, who is authorized to remove, the Circuit Court for the proper district is evidently the Circuit Court of the district of the residence of the plaintiff. * * * But it is contended that Beardsley was entitled to remove the case to the Circuit Court, and as by his petition for removal he waived the objection so far as he was personally concerned that he was not sued in his district, hence that the Circuit Court obtained jurisdiction over the suit. This does not follow, inas-

much as in view of the intention of Congress by the act of 1887 to contract the jurisdiction of the Circuit Courts, and of the limitations imposed thereby jurisdiction of the suit could not have obtained, even with the consent of both parties."

On the whole I am satisfied both on principle and authority that the motion to remand the case to the state court must prevail. But the motion of the plaintiff for leave to withdraw his general appearance and his replications must be denied. So far as the result is concerned it is wholly immaterial whether the appearance and replications remain on the record or not, as it was beyond the power of the plaintiff by any waiver or consent to confer jurisdiction on this court in this case. Again, the granting of the latter motion would involve an alteration and falsification of the record. A nunc pro tunc entry may properly be resorted to to correct an omission to state on the record what actually occurred, or a mis-statement thereof. But it is not the proper function of such an entry to alter the record in such manner as to deny or disregard the acts and proceedings of parties therein correctly set forth.