### SHERMAN v. SOUTHERN PAC. CO.

(Circuit Court, D. Nevada. December 10, 1910.)

#### No. 1,029.

REMOVAL OF CAUSES (§ 26*)—DIVERSE CITIZENSHIP—RESIDENCE.

Plaintiff, having been injured in Nevada by the operation of defendant's railroad train, brought suit in that state under a law of Nevada requiring prosecution of the action for damages against defendant in a Nevada state court, alleging that he was a citizen of Idaho, and that defendant was a Kentucky corporation. Defendant, believing the allegation of residence to be true, proceeded to trial, and at the close of plaintiff's case removed the cause on the theory that the evidence showed that plaintiff was a resident and citizen of Nevada. The proof showed that plaintiff in 1903 went to Idaho and remained there for three years, after which he wandered around in search of work, without definite plans, intending, however, to return to Idaho in case he could not find work, and at the time of the accident he was on his way to T., Nev., in search of work. He had no home in Nevada or fixed intention to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

make a home there, but was only remaining for the prosecution of the action. *Held*, that plaintiff was not a resident of Nevada, but of Idaho as alleged, and that the suit was not therefore removable.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 60–63; Dec. Dig. § 26.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

At Law. Action by C. E. Sherman against the Southern Pacific Company. On motion to remand. Granted.

White & Miller, Cheney, Massey & Price, Oscar J. Smith, and Fred B. Hart, for plaintiff.

Mack & Shoup, for defendant.

FARRINGTON, District Judge. This action was brought in the state court of Washoe county, Nev. The complaint states that plaintiff is a resident and citizen of Idaho, and that defendant is a corporation organized under the laws of the state of Kentucky. The injuries for which damages are sought were received in a railroad accident. alleged to have occurred near Deeth, Elko county, Nev. In the answer plaintiff's alleged residence and citizenship were not controverted. On these pleadings the parties proceeded to trial. At the close of plaintiff's case, defendant filed a petition for removal to this court on the ground that plaintiff's evidence showed him to be a resident and citizen of Nevada, instead of Idaho. It was stated in the petition that defendant believed plaintiff's allegations as to residence and citizenship until the evidence for plaintiff closed. The court found that plaintiff was a citizen of Idaho, as stated in the complaint, and denied the petition for removal. The transcript of testimony taken on this question in the state court is made a part of the record on removal.

The jurisdiction of this court is now challenged by a motion to remand. Plaintiff testifies that he left Michigan, his native state, when he was about 20 years of age. Since then he has been a wanderer, and has lived and worked in more than 30 different places and in 12 different states. In 1903 he went to the Cœur d'Alene district in Idaho, and remained for nearly three years. Leaving there in 1905, he went, in succession, to Oregon, to Washington, to Caldwell, Idaho, and to Lander, Kerwin, and Meeteetse, in Wyoming, and thence to Cody, Billings, Cook City, and Jardine, in the state of Montana.

At the time of the accident, January 20, 1907, plaintiff was on his way to Tonopah, Nev. Immediately after the accident he was taken to Sacramento, Cal., for medical treatment. He remained in the hospital from January 24 to February 27, 1907. September 28th of the same year he filed his complaint in this action. He states that his purpose in going to Tonopah was to prospect or lease or perhaps work in the mines. He further testifies as follows:

"Q. Had you any definite plans as to how long you would remain there? A. Not necessarily so. Q. Had you any plans as to where you would go after

you left Tonopah? A. I don't think no definite plans. I might have had several ideas of where I might go, but I don't think I had really any definite plans. I was thinking I was liable to go anywheres, back to Idaho, Washington, or Alaska. Q. Might be a great many places that you would go to? A. There might be; and there might not have been. I might have concluded to stop right in Tonopah. Q. You mean in Tonopah, or Goldfield? A. Tonopah or Goldfield, or any new camps liable to start up; might have started out prospecting. Q. If you found conditions prosperous there, you might remain permanently in one of those places? A. I might have."

In his affidavit filed on motion to remand, plaintiff says that he is now and at all times mentioned in the complaint, and ever since has been, a citizen and resident of the state of Idaho; that he last voted and was registered in Burke, Idaho; that he left Idaho with the object of finding work; that he has only been prevented from returning to that state by reason of the injuries received by him, and by reason of the necessity, under a law of the state of Nevada, of prosecuting his action for damages against defendant in some court in the state of Nevada; "and that it is, and at all times herein mentioned has been, the intention of affiant to return to said state of Idaho, and to remain a citizen and resident thereof."

It is unnecessary, in my view of this case, to decide whether defendant has lost its right of removal by delaying to file its petition until plaintiff had rested his case. The evidence convinces me that plaintiff had not been in the state of Nevada one whole day when the accident happened. He was en route to Tonopah, seeking employment. It was undoubtedly his intention to remain if he found something to his liking, but, if not, to go on to Washington or Alaska, or to return to Idaho.

When this action was commenced, plaintiff was in Reno. The evidence indicates no other purpose or reason for his presence in that city than the prosecution of this action. Unless it appears that plaintiff at the time the action was commenced was both a resident and citizen of this state, the motion to remand must be granted. He had no home here, he had fixed upon no place as a residence, when the accident occurred. The evidence discloses no fixed intention to make his home in Nevada, even for an indefinite period.

If the accident had not occurred and Sherman had reached Tonopah, if he had been fortunate enough to secure employment or other satisfactory work as a leaser or prospector, and thereupon had at once formed a bona fide intention to remain in Nevada, even for an indefinite period, we should have a condition similar to that in Cooper v. Galbraith, 3 Wash. (C. C.) 546, Fed. Cas. No. 3,193, cited by defendant. But here it seems to me the contingency has not occurred on which the intention to remain would arise.

The facts here are more like those in City of Denver v. Sherret, 88 Fed. 226, 31 C. C. A. 499, decided by the Circuit Court of Appeals for the Eighth Circuit. In that case "plaintiff, who had always resided in Kansas as a member of her father's family, went to Denver, Colo., where she took an examination for the position of teacher in the schools, intending, if successful, to remain there, but, if not, to return to Kansas. Before the result of her examination was known, she was seriously injured, and, when sufficiently recovered,

returned to her father's home, in Kansas, where she remained." She subsequently brought an action in the United States Circuit Court for the District of Colorado against the city of Denver and the Denver Consolidated Electric Company, alleging that she was a citizen and resident of Kansas. The court held that there was no evidence that she was a citizen of Colorado when the action was commenced. It is true that Sherman was in Reno working in a hotel at the time of the trial. He was also there when the suit was brought; but I fail to find in this circumstance or in the evidence anything which indicated an intention on the part of Sherman to remain in Reno, or to make it his home for any other purpose than the prosecution of this action.

In the case of Alabama, etc., R. Co. v. Carroll, 84 Fed. 772, 780, 28 C. C. A. 207, 215, the court says:

"The act of removing and the intention to remain in the new place of abode must both concur to effect a change of domicile; and, if either of these ingredients be lacking, the old domicile remains, and a new one is not acquired."

What was plaintiff's intention? Did he intend to reside in Nevada permanently, or did he intend to make his home here, even for an indefinite time?

The evidence appears to me to show, not a fixed, but merely a contingent purpose, to remain in Nevada. This is not such an intention to transfer citizenship and residence as the law contemplates.

The motion to remand will be granted.