## CHOCK SING *vs.* R. W. BRECKONS.

### December 24, 1910.

*Removal of cause from territorial court—Revenue law—Act of February 9, 1909:* The act of Congress of February 9, 1909, entitled, "An act to prohibit the importation and use of opium for other than medicinal purposes," is not, except possibly, as to the proviso contained in the first section, a revenue law, actions arising out of the enforcement of which may be removed from a court of the Territory of Hawaii to this court under section 643, Rev. Stat.

*Same:* Whether acts done with reference to said proviso could be regarded as having been done by authority or under color of a revenue law, not necessary to decide in this case.

*Same—Record on removal must affirmatively show jurisdiction of federal court:* This court will not retain jurisdiction of a cause improperly removed under section 643, Rev. Stat., on the ground that it is a case arising under the laws of the United States and is one removable under the act of August 13, 1888, where jurisdictional facts do not appear on the face of plaintiff's declaration as filed in the territorial court.

*Same—Remanding cause:* Even where the jurisdiction of the federal court of a cause removed from a state or territorial court is only doubtful the proper course is to remand the case.

*Motion to remand removed cause.*

*Lorrin Andrews,* Attorney for Plaintiff.

*W. W. Thayer* and *A. S. Humphreys,* Attorneys for Defendant.

ROBERTSON, J.  It appears from the record in this case that on October 12, 1910, an action was filed in the Circuit Court of the First Judicial Circuit of the Territory of Hawaii, wherein Chock Sing, as plaintiff, claimed damages in the sum of $10,000 from and against R. W. Breckons, as defendant, for an alleged

trespass upon certain premises of the plaintiff, situate in Honolulu. In answer to the plaintiff's declaration the defendant filed in that court a general denial.

On November 1, 1910, the defendant filed in this court a petition for the removal of the case, duly verified, in which it is set forth *inter alia,* that the petitioner is the duly appointed and qualified United States District Attorney in and for the District of Hawaii; that, on or about the 29th day of September, 1910, the petitioner received information which led him to reasonably believe that certain opium had been smuggled into the United States contrary to law, and that such opium was at said time concealed upon the premises of said Chock Sing; that, acting upon said information and belief, he visited said premises and, with the consent of the plaintiff in said action, made a search of the premises in order to ascertain whether such opium was so concealed there; that no trial or hearing has been had of said action; and that the petitioner was therein acting under color of his office, and by authority of the revenue laws of the United States. The petition, which was accompanied with a bond for costs, prayed that the cause be removed to this court, and that a writ of certiorari issue for the record and proceedings had in the cause in the territorial court.

The writ was issued as prayed for, and a certified transcript of the pleadings and papers filed in said court has been filed in this court.

The plaintiff now moves that the cause be remanded to the court from whence it has been brought on the grounds that the petition for removal does not show sufficient grounds for such removal, and that the record does not show sufficient facts to give this court jurisdiction of the cause.

The cause was removed pursuant to the provisions of section 643 of the Revised Statutes. The theory of the defendant's counsel is that the act of Congress of February 9, 1909, entitled "An act to prohibit the importation and use of opium for other than medicinal purposes," is a revenue law, (it being

conceded to be the law referred to in defendant's petition in the phrase "by the authority of the revenue laws of the United States") and that the defendant, being engaged in his official capacity in the enforcement of that law, the case is within the purview of the above mentioned section of the Revised Statutes which authorizes the removal of suits commenced against officers acting by authority of any revenue law of the United States, on account of any act done under color of any such law, or on account of any right, title or authority claimed under such law.

The act of February 9, 1909, is purely a penal statute excepting, possibly, that part of it which is contained in the proviso in the first section, that "opium and preparations and derivatives thereof, other than smoking opium or opium prepared for smoking, may be imported for medicinal purposes only, under regulations which the Secretary of the Treasury is hereby authorized to prescribe, and when so imported shall be subject to the duties which are now or may hereafter be imposed by law." Whether acts done with reference to that portion of the statute could be regarded as having been done by authority or under color of a revenue law it is not necessary to here decide because the defendant has not alleged in his petition for removal that he was acting under that proviso. The petition alleges that the defendant was searching for opium which had been smuggled into the United States contrary to law. As the pleading is to be construed against the pleader, it is impossible to assume or infer that the defendant was searching for opium other than smoking opium or opium prepared for smoking which was subject to duty.

Assuming that, as contended by counsel, a United States district attorney may, at times, in the discharge of his official duties, be called upon to act by authority or under color of a revenue law, the result of the decided cases seems clearly to be that in order to warrant the removal of a cause which has been commenced in a local court, on that ground, it must be made to appear in and by the petition that the acts which constitute the cause of action were in fact connected with official duties

under a revenue law.    See *Tennessee v. Davis,* 100 U. S. 257; *Peoples' United States Bank v. Goodwin,* 162 Fed. 937; *Illinois v. Fletcher,* 22 Fed. 776; *Johnson v. Wells Fargo & Co.,* 98 Fed. 3.

It is a rule of general application in the matter of the removal of causes that the record must show affirmatively the jurisdictional facts upon which the right of removal depends.

It must be held, therefore, that the defendant's petition in this case does not show that it is a cause which is a removable one under section 643 of the Revised Statutes.

It is next contended on behalf of the defendant that there can be no dispute that the cause is one arising under the laws of the United States which might have been removed to this court "by the method prescribed in the act of March 3, 1875," and that this court ought to take jurisdiction of the case on that ground.

Counsel seem to have overlooked the fact that the act of 1875 was amended by the act of March 3, 1887, 24 Stat. 552, which in turn was amended by the act of August 13, 1888, 25 Stat. 433.

This fact is important in that while under the original act a federal question could be introduced and grounds for removal be brought into the record by the petition for removal, under the amendatory acts a cause may be removed only where the facts necessary to give the federal courts jurisdiction appear in the plaintiff's statement of his own claim.    *Tennessee v. Union and Planters' Bank,* 152 U. S. 454; *Walker v. Collins,* 167 U. S. 57; *Arkansas v. Kansas & Texas Coal Co.,* 183 U. S. 185; *Southern Railway Co. v. Miller,* 217 U. S. 209.

This court may take judicial notice of the fact that the defendant, R. W. Breckons, is the United States District Attorney for the District of Hawaii, but that fact alone is not enough to give this court jurisdiction to try the action.    There is nothing in the plaintiff's declaration to show that the cause grows out of any acts done by the defendant in his official capacity.    It does not appear that any federal question is involved, or that

the case is anything more than an ordinary common law action
of trespass.

Counsel for defendant rely principally on the case of *Bryant
Bros. v. Robinson,* 149 Fed. 321. In that case it was held
that a case of which the circuit court has jurisdiction, and which
is properly removable from the state court in which it has
been instituted under the act of August 13, 1888, should
not be remanded merely because it was professedly removed
under section 643 of the Revised Statutes. But in that case
the fact that the action was brought against the defendant, a
postmaster, in his official capacity, appeared on the face of the
plaintiff's petition in the state court, and, further, the state
court had made and entered an order of removal which was in
substantial compliance with the prescribed practice under the
act of 1888.

In the case at bar the procedure was strictly according to
that provided in section 643, for the removal of cases brought
against revenue officers or otherwise arising under the revenue
laws. The territorial court made no order of removal in this
case.

The case of *Peoples' United States Bank v. Goodwin,* 160
Fed. 727, presented the converse of the situation here involved.
In that case an action for libel was instituted in a state court
against an assistant attorney general for the Post Office Depart-
ment and a post office inspector of the United States. There
was nothing, however, in the plaintiff's petition to show that
the defendants were officers of the United States or that they
were acting in an official capacity in the publication of the libel.
The defendants, who claimed that the plaintiff had fraudu-
lently suppressed the facts for the purpose of preventing the
removal of the cause, had the case removed to the United States
circuit court upon the sole ground that a federal question was
involved. The plaintiff then moved to remand the cause to the
state court. The defendants' contention that even if the cause
had been improperly removed under the act of 1887, the cir-
cuit court should nevertheless take jurisdiction of it as one re-

movable under section 643 of the Revised Statutes, was overruled. The court said (pp. 732, 733):

"But it is urged that even if defendants erred in removing this cause, under the provisions of section 2 of the act of March 3, 1887, it could have been brought into this court by *certiorari* under section 643 Rev. St., it being claimed that the defendants are revenue officers, and, for that reason, the cause should not be remanded, but the court should treat it as removed under that section. Assuming, without deciding, that the assistant attorney general of the Post Office Department and post office inspectors are revenue officers within the meaning of section 643, Rev. St., has the court the power to act as suggested by counsel? That the court may permit amendments of immaterial matters where the jurisdiction is apparent from the face of the record is true. * * * Still, this does not justify the court in sustaining defendants' contention. An examination of these two provisions of the statutes will show that the proceedings are different entirely. In the one instance the petition is presented to the state court, and the order for removal made by that court. In the other the petition is presented to the court of the United States and a *certiorari* ordered by that court. * * * For the court to treat the action now as removed under section 643 would practically amount to an amendment of a record which fails to show jurisdiction of the court. This is not permissible."

The reasoning of the learned judge in that case is applicable to this case.

It has been repeatedly held that even where it appears that the jurisdiction of the federal court of a cause removed from a state court is doubtful the proper course is the remand of the case. *McKown v. Kansas & T. Coal Co.*, 105 Fed. 657; *Groel v. United Electric Co.*, 132 Fed. 252; *Nash v. McNamara*, 145 Fed. 541; *Hill v. Woodland Amusement Co.*, 158 Fed. 530.

It is clear that this case should be remanded.

The plaintiff's motion is granted, and an order remanding the case to the Circuit Court of the First Judicial Circuit of the Territory of Hawaii will be signed on presentation.