PUGET SOUND SHEET METAL WORKS et al. v. GREAT NORTHERN
RY. CO.

(District Court, W. D. Washington, N. D. April 4, 1912.)

No. 2,099.

REMOVAL OF CAUSES (§ 29*)—DIVERSITY OF CITIZENSHIP—NONRESIDENCE OF
BOTH PARTIES.

A suit in a state court between plaintiffs who are citizens of different states and a defendant which is a corporation of a state other than that in which the suit is brought is not removable on the ground of diversity of citizenship, under New Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1094) § 28, where plaintiffs resist such removal.

Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 69, 72, 74; Dec. Dig. § 29.*]

At Law. Action by the Puget Sound Sheet Metal Works and others against the Great Northern Railway Company to recover damages for an alleged tort. On motion to remand to state court. Motion granted.

Gill, Hoyt & Frye and Granger & Clarke, for plaintiffs.
F. V. Brown and F. G. Dorety, for defendant.

HANFORD, District Judge. This case was removed to this court from the superior court of the state of Washington for King county on the ground of diversity of citizenship. A number of corporations are joined as plaintiffs, only one of which is a corporation of the state of Washington. One of the others is an alien insurance corporation, and the others are insurance companies incorporated, respectively, under the laws of New York, Massachusetts, Connecticut, Wisconsin, Pennsylvania, and Louisiana. The defendant is incorporated under the laws of Minnesota. The plaintiffs deny that this court has jurisdiction of the case and have moved to remand it to the state court, for the reason that this district is not "the district of the residence of either the plaintiff or the defendant."

The action was commenced since the date on which the new Judicial Code went into effect, and for that reason the arguments upon the motion in behalf of the defendant assumed that a new question of federal jurisdiction is involved, for the decision of which it is neces-

sary to construe the provisions of the Code relating to the jurisdiction of District Courts, the removal of causes, and the venue of actions. it must be conceded that the phraseology of the Code and the arrangement of the clauses relevant to said topics differ from the statutes defining the jurisdiction of United States Circuit Courts, which has been superseded, and for that reason it is contended that the decisions of the courts, heretofore rendered, bearing upon the question, are not controlling.

The provisions of the Code which it is necessary for the court to consider are as follows:

Section 24 provides that:

The District Courts shall have original jurisdiction of "all suits of a civil nature, at common law or in equity, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum, or value of $3000.00, and * * * (b) is between citizens of different states, or (c) is between citizens of a state and foreign states, citizens, or subjects."

Section 28 provides that:

" * * * Any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being non-residents of that state."

Section 51 provides that:

" * * * No civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or the defendant."

No attempt to make a fine analysis of the clauses of the Code quoted above can demonstrate any substantial difference in their meaning from corresponding clauses of the statute superseded by the Code. By a comparison of the two statutes it appears that the changes made consist entirely of corrections of obvious errors in the misuse of words and omissions of superfluous words and phrases of the prior statute. The style is improved and the meaning made clearer thereby. The only other noticeable change is in the paragraphing and rearrangement of the clauses. It is true that the relative position of a sentence or clause in a statute might affect its meaning so as to require a new interpretation, but the Code itself prescribes a rule of construction which excludes the idea of a legislative intent to change the law by the mere transposition of sentences or clauses. Sections 294 and 295 are as follows:

"Sec. 294. The provisions of this act, so far as they are substantially the same, as existing statutes, shall be construed as continuations thereof, and not as new enactments, and there shall be no implication of a change of intent by reason of a change of words in such statute, unless such change of intent shall be clearly manifest.

"Sec. 295. The arrangement and classification of the several sections of this act have been made for the purpose of a more convenient and orderly arrangement of the same, and therefore no inference or presumption of a

legislative construction is to be drawn by reason of the chapter under which any particular section is placed."

The decision of the Supreme Court in Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635, established a rule that actions between citizens of different states in which several persons are joined as plaintiffs or defendants, cannot be brought in a United States court by original process or proceedings, unless all of the plaintiffs or all of the defendants reside in the same district. Formerly it was supposed that this limitation applied only to actions commenced originally in United States Circuit Courts, and that a party required to defend an action commenced against him in a state court might remove it into the United States Circuit Court for the district in which it was commenced notwithstanding the fact that neither of the parties were residents of that district. 18 Enc. of Pl. & Pr. 180, 181. In Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, the Supreme Court denied the jurisdiction of a Circuit Court, in such a case, and by mandamus required the Circuit Court to remand it. In the Moore Case, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164, the Supreme Court declared that nothing in the opinion in the Wisner Case is to be regarded as changing the rule as to the effect of a waiver of the right of a party to contest the jurisdiction of a particular court. The opinion in the case last cited reviews the long line of Supreme Court decisions commencing with Gracie v. Palmer, 8 Wheat. 699, 5 L. Ed. 719, holding that the exemption of parties from being required to litigate controversies elsewhere than in the districts in which they reside is a privilege which may be waived, and is waived by invoking the jurisdiction of a United States court, or by voluntarily participating in litigated proceedings in a court which might have been ousted of jurisdiction by objections taken in due time, and reaffirms those decisions. The apparent confliction between decisions in the Wisner and Moore Cases was candidly admitted in the opinion of the Supreme Court in Ex parte Harding, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, and those cases were distinguished one from the other, by the fact that in the Wisner Case only the defendant was deemed to have waived his right to dispute the jurisdiction of the Circuit Court by having taken the necessary steps to remove the case, and the plaintiff was deemed to have an equal right to contest the jurisdiction; but in the Moore Case it was held that the defendant consented to accept the jurisdiction of the United States Court by filing a petition for removal thereto from the state court, and that after the removal the plaintiff, instead of challenging the jurisdiction of the United States court by a motion to remand, filed an amended petition in that court, signed a stipulation giving time to the defendant to answer, and then both parties entered into successive stipulations for a continuance of the trial in that court. It is my understanding of this last decision that the Wisner Case and the Moore Case are both reaffirmed.

Therefore, as the conditions affecting the case in hand are substantially the same as those assigned as the grounds upon which the Supreme Court denied the jurisdiction of the Circuit Court in the Wisner Case, this motion to remand must be granted.