BALDWIN v. PACIFIC POWER & LIGHT CO. et al.

(District Court, D. Oregon. September 23, 1912.)

No. 5,589.

**1. REMOVAL OF CAUSES (§ 111*)—RIGHT TO REMOVE—COMMENCEMENT OF SUIT.**

Under Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1094, 1101) §§ 28, 51, providing that a suit commenced in a state court is not removable to the federal court, unless it is one which plaintiff could have brought in such court by original process, and where jurisdiction is founded solely on diversity of citizenship, suit in the federal court can be brought only in the district of the residence of either the defendant or the plaintiff, a federal court cannot acquire jurisdiction by removal of an action commenced in a state court by a citizen of another state against a nonresident defendant, whether a corporation or an individual, who is a citizen of a state other than that of plaintiff, unless plaintiff is an alien, even by consent of both parties.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 237, 239; Dec. Dig. § 111.*]

**2. COURTS (§ 276*)—FEDERAL COURTS — JURISDICTION — CITIZENSHIP — RESIDENCE—WAIVER.**

The right of a defendant to be sued in a federal court in a district in which either the plaintiff or defendant resides is personal and is waived by a nonresident defendant, in an action brought in a state court, filing a petition for removal and by a nonresident plaintiff filing an amended complaint in the federal court after removal and signing a stipulation giving defendant time in which to plead thereto.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. § 276.*

Waiver of right as to district in which suit may be brought, see note to Memphis Sav. Bank v. Houchens, 52 C. C. A. 192; McPhee & McGinnity Co. v. Union Pac. R. Co., 87 C. C. A. 634.]

**3. REMOVAL OF CAUSES (§ 86*)—FOREIGN CORPORATION—RESIDENCE.**

Where defendant, a Maine corporation doing business in Oregon, was sued in the Oregon state courts, and filed a petition for removal, alleging that it was not a resident or inhabitant of Oregon, it was estopped to claim, in support of its right to remove, that, having complied with the laws of Oregon regulating foreign corporations by appointing a resident agent on whom service of process might be made in suits against it in either the state or federal courts, it became for the purpose of federal jurisdiction a resident or inhabitant of the district in which it was doing business.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 166–179; Dec. Dig. § 86.*]

**4. COURTS (§ 274*)—FEDERAL COURTS—JURISDICTION — CORPORATIONS — CITIZENSHIP.**

The citizenship of a corporation is conclusively presumed, for the purposes of federal jurisdiction, to be that of the state in which it is created; and, while a corporation organized in one state may be licensed to do business in another, its citizenship remains in the state in which it was organized, though the local law may declare that on compliance therewith it becomes a domestic corporation, and it cannot, therefore, be required without its consent to answer in a federal court other than that in the district in which it was incorporated to a civil

action brought by a citizen of a different state, though it may be doing business in the district where sued, and have a general agent there.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 814; Dec. Dig. § 274.*

Citizenship of corporations for purposes of federal jurisdiction, see notes to St. Louis, I. M. & S. Ry. Co. v. Newcom, 6 C. C. A. 174; Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

At Law. Action by Mary Baldwin against the Pacific Power & Light Company and another. On motion to remand. Granted.

Bennett & Sinnott, of The Dalles, Or., for plaintiff.

Wilbur, Spencer & Dibble and Thomas Mannix, all of Portland, Or., for defendant corporation.

BEAN, District Judge. This action was brought in one of the state courts of Oregon against the Pacific Power & Light Company and one Bailey to recover damages for a personal injury. The plaintiff is a citizen and resident of the state of Wisconsin. The defendant corporation was organized and exists under the laws of the state of Maine and doing business in Oregon. It presumably has complied with the laws of the state governing foreign corporations by executing and filing a power of attorney appointing a resident agent "upon whom lawful and valid service may be made of all writs, etc., in any action, suit or proceeding commenced" against such corporation in any of the courts of the state or the United States therein. Lord's Oregon Laws, § 6726. The defendant Bailey is a citizen and resident of Oregon. The cause was removed to this court by the defendant corporation, alleging that it is a citizen of the state of Maine, and organized, created, and incorporated under the laws of such state, and is a nonresident of the state of Oregon, and that Bailey was fraudulently joined with it as a defendant in order to defeat the jurisdiction of the federal court. The plaintiff joins issue on the question of fraudulent joinder, and moves to remand because (1) the defendant Bailey is a citizen and resident of the state of Oregon and properly made a party; and (2), if this is not so, the defendant corporation is a nonresident, and not entitled to a removal. The first question may be passed as the latter is determinative in the matter.

[1] A suit commenced in a state court is not removable to the federal court unless it is one plaintiff could have brought in such a court by original process. Section 28, Judicial Code; Tennessee v. Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511; Cochrane v. Montgomery, 199 U. S. 260, 26 Sup. Ct. 58, 50 L. Ed. 182, 4 Ann. Cas. 451; Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264. And, where jurisdiction is founded solely upon diversity of citizenship, suit in a federal court can be brought only in the district of the residence of either the defendant or the plaintiff. Section 51, Judicial Code (Act March 3, 1891, c. 231, 36 Stat. 1101). It was consequently held by the Supreme Court in Ex parte Wisner, supra, that under sections 1, 2, and 3 of the act of March 3, 1887, as corrected by the act of August 13, 1888 (chapter 866, 25 Stat. 433 [U. S. Comp. St.

1901, p. 508]), which are substantially the same as the provisions of the Judicial Code referred to, a court of the United States could not acquire jurisdiction by removal of an action commenced in a state court by a citizen of another state against a nonresident defendant who is a citizen of a state other than that of plaintiff, even by consent of both parties, and this doctrine was followed by the Court of Appeals of this circuit in Yellow Aster M. & M. Co. v. Crane, 150 Fed. 580, 80 C. C. A. 566.

[2] It was, however, subsequently modified by the Supreme Court in Re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 52 L. Ed. 904, 14 Ann. Cas. 1164, to the extent that the right to be sued in the district in which either the plaintiff or the defendant resides is personal to the parties and might be waived, and was waived by a nonresident defendant in an action brought in the state court filing a petition for removal, and by a nonresident plaintiff filing an amended complaint in the federal court after removal and signing a stipulation giving the defendant time in which to plead thereto, and it may be that the appointment by a foreign corporation of a local agent authorized to receive service of summons in all actions or proceedings brought in the federal court of the district of his residence will be deemed a consent to be sued in such district. Gilbert v. New Zealand Ins. Co. (C. C.) 49 Fed. 884, 15 L. R. A. 125.

[3] It is contended, however, that the rule announced in the Wisner and Moore Cases applies to natural persons only, and not to corporations, and that a corporation organized under the laws of one state which is doing business in a sister state, and which has complied with its laws regulating foreign corporations by appointing a resident agent upon whom service of process may be made in suits brought against it in either state or federal court, becomes, for the purpose of jurisdiction of the federal court, a resident or inhabitant of the district in which it is doing business. Judge Deady seems to have been of that opinion in the case of an alien corporation (Gilbert v. New Zealand Ins. Co., supra), but this position as applied to the defendant is in direct conflict with the allegations of its petition for removal, in which it is stated that it is not a resident or inhabitant of Oregon, but of the state of Maine. If it is sound, the allegations of the petition are untrue, and defendant is a resident of the state, and therefore not entitled to remove, on the ground of diversity of citizenship, a case brought against it in the state court for the right of removal is confined to a nonresident.

[4] As I understand the decisions of the Supreme Court, the citizenship of a corporation is conclusively presumed, for the purposes of jurisdiction of the federal courts, to be that of the state in which it was created; and, while a corporation organized in one state may be licensed or empowered by law to do business in another, its citizenship remains in the state in which it was organized (St. Louis & S. F. Ry. v James, 161 U. S. 545, 16 Sup. Ct. 621, 40 L. Ed. 802; Louisville Ry. v. Louisville Trust Co., 174 U. S. 552, 19 Sup. Ct. 817, 43 L. Ed. 1081), although the local law may declare that on compliance therewith it becomes a domestic corporation (Southern Ry. v.

Allison, 190 U. S. 326, 23 Sup. Ct. 713, 47 L. Ed. 1078; Walters v. C., B. & Q. Ry. [C. C.] 104 Fed. 377; Mo. Pac. Ry. v. Castle, 224 U. S. 541, 32 Sup. Ct. 606, 56 L. Ed. 875, Supreme Court, de-' cided May 13, 1912). It cannot be required, without its consent, to answer in a federal court other than that of the district in which it was incorporated to a civil action brought by a citizen of a different state, although it may be doing business in the district where sued and have a general agent there. Shaw v. Quincy M. Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; In re Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402; Western Land v. Butte & Montana Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101; Galveston, Harrisburg & San Antonio Ry. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248. Hence the holdings are that a corporation organized in one state cannot remove a suit brought against it in another by a resident of a state other than that in which the action is brought without the consent of the plaintiff. Stone v. C., B. & Q. Ry. (D. C.) 195 Fed. 832; Puget Sound Sheet Metal Wks. v. Gt. Nor. Ry. (D. C.) 195 Fed. 350; Sherman v. S. P. Co. (C. C.) 192 Fed. 711; Decker, Jr. & Co. v. Southern Ry. (C. C.) 189 Fed. 224; George v. Tenn. R. & I. Co. (C. C.) 184 Fed. 951; Gruetter v. Cumberland Tel. & Tel. Co. (C. C.) 181 Fed. 248. The rule is otherwise where the plaintiff is an alien. Katalla v. Rones, 186 Fed. 30, 108 C. C. A. 132. The only case to which my attention has been called or which I have been able to find to the contrary is that of Bogue v. C., B. & Q. Ry. (D. C.) 193 Fed. 728; and, while I entertain the highest regard for the learning and ability of the judge deciding that case, I am wholly unable to concur in his reasoning or conclusion, and I think his position is answered by Judge Van Valkenburg in Stone v. C., B. & Q. Railway, supra. Logically a corporation cannot be a nonresident for the purpose of removal within the meaning of section 28 of the Judicial Code, and at the same time a resident for the purpose of original jurisdiction under section 51. It cannot occupy such a dual capacity. It must be one or the other.

Motion to remand is therefore allowed.