## JONES v. CONSOLIDATED WAGON & MACHINE CO.

District Court, D. Idaho, S. D. February 11, 1929.

No. 676.

Jones, Pomeroy & Jones, of Pocatello, Idaho, and Wilson S. Wiley and Caleb Jones, both of Klamath Falls, Or., for plaintiff.

Jesse R. S. Budge, of Salt Lake City, Utah, and Clency St. Clair, of Idaho Falls, Idaho, for defendant.

CAVANAH, District Judge. Defendant urges again by its demurrer to the amended complaint that this court is without jurisdiction in the first instance, where jurisdicton is founded upon diversity of citizenship, as section 51 of the federal Judicial Code (28 USCA § 112) provides that, where jurisdiction is claimed on diversity of citizenship, the suit shall be brought only in the district of the residence of either plaintiff or defendant.

The demurrer to the original complaint was sustained on the ground of lack of jurisdiction, and an analysis of the amended complaint shows that it is substantially the same as the original. It clearly appears that the plaintiff is a resident and citizen of

384

the state of Oregon, and that the defendant is a corporation organized and existing under and. by virtue of the laws of the state of Utah. The residence of the defendant corporation is presumed, for the purposes of jurisdiction of the federal court, to be that of the state in which it was created, and that state is where it has its domicile or legal home, although it may be engaged in business in Idaho, and has complied with the laws of the latter state as to foreign corporations transacting business therein. So, where it is sought, as here, to found jurisdiction on diversity of citizenship, the last clause of paragraph (a) of section 51 of the federal Judicial Code should be construed to mean that the word "only" requires that the suit shall be brought in no other district than the district of the residence of either the plaintiff or defendant. Therefore the jurisdiction of this court cannot be predicated on diversity of citizenship, where neither party is a resident of this district. Seaboard Rice Milling Co. v. Chicago, Rock Island & Pacific Ry. Co., 270 U. S. 363, 46 S. Ct. 247, 70 L. Ed. 633; Lee v. Chesapeake & Ohio Ry. Co., 260 U. S. 653, 43 S. Ct. 230, 67 L. Ed. 443; Southern Pacific Co. v. Burch (9 C. C. A.) 152 F. 168; Yellow Aster Min. & Milling Co. v. Crane (9 C. C. A.) 150 F. 580. Nor does the mere fact of defendant having complied with the foreign corporation laws of Idaho prevent it from objecting to the jurisdiction of the court. Wolff & Co. v. Choctaw O. & G. R. Co. (C. C.) 133 F. 601; Baldwin v. Pacific Power & Light Co. (D. C.) 199 F. 291; Southern Pac. Co. v. Denton, 146 U. S. 202, 13 S. Ct. 44, 36 L. Ed. 942; In re Keasbey & Mattison Co., 160 U. S. 221, 16 S. Ct. 273, 42 L. Ed. 402.

■ According to repeated decisions of the federal courts, a corporation cannot be considered a citizen and resident of a state in which it has not been incorporated, although it does business in that district, and has, in compliance with the laws of that state, consented to be sued in its courts and appointed an agent upon whom legal process against it may be served.

■ The defendant by its demurrer having seasonably asserted its privilege conferred by section 51 in objecting to the jurisdiction of

the court over it, the demurrer must be sustained, .and the suit dismissed for want of jurisdiction.