BAILES v. ADVANCE-RUMLEY THRESHER CO.

(Circuit Court of Appeals, Eighth Circuit. January 24, 1920. Rehearing Denied May 11, 1920.)

No. 5389.

1. DEEDS ⬦➲74—SIGNING DEED BY CORPORATE OFFICER WITHOUT READING IN RELIANCE ON STATEMENT OF CORPORATION'S ATTORNEY IS NOT NEGLIGENCE.

The general rule, that failure of a party who signed a deed to read it or have it read before he signed cannot have it annulled, does not apply, where the vice president of a corporation signed without reading a deed prepared by the attorney for the corporation on the latter's assurance that it conveyed property which the directors had agreed to sell.

⬦➲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. COURTS ☞363, 366(14)—RIGHT TO CANCEL DEED TO LAND IN NORTH DAKOTA IS GOVERNED BY STATE STATUTE AS CONSTRUED BY ITS COURTS.

The right to have canceled by the federal courts a deed conveying land in North Dakota is governed by Comp. Laws N. D. 1913, § 5934, providing for rescission for mistake, and section 5854, defining "mistake," as those statutes have been construed by the Supreme Court of the State.

3. COURTS ☞371(2)—STATE STATUTES ENLARGING EQUITABLE RIGHTS CAN BE ADMINISTERED IN FEDERAL COURTS.

A state statute enlarging equitable rights may be administered by the United States courts as well as by the courts of the state.

4. DEEDS ☞69—CORPORATION HELD NOT TO HAVE NEGLECTED LEGAL DUTY SO AS TO BAR CANCELLATION FOR MISTAKE.

Where a corporation owning two tracts in a city agreed to convey the tract less valuable to defendant, the neglect of the clerks to inquire for and procure the papers relating to the particular tract sold, and of the corporation's attorney to compare the description in the papers brought him with that of the tract sold, was not a neglect of legal duty which, under Comp. Laws N. D. 1913, § 5854, barred the right of the corporation to cancel a deed given for the more valuable tract.

5. DEEDS ☞211(2)—EVIDENCE HELD TO SHOW KNOWLEDGE BY GRANTEE OF GRANTOR'S MISTAKE.

Where, after an agreement for the sale of a less valuable tract owned by a corporation had been made with defendant, the corporation's attorney telegraphed defendant regarding the title and describing a more valuable tract, and thereafter deposited a deed for the latter tract for which defendant immediately paid the agreed price, without waiting to examine the title, a finding that defendant knew or had reason to know that a mistake had been made was justified.

Sanborn, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the District of North Dakota; Charles F. Amidon, Judge.

Suit by the Advance-Rumley Thresher Company against H. H. Bailes for cancellation of a deed. Decree for plaintiff, and defendant appeals. Affirmed.

Appeal from a decree of cancellation of a deed. The Advance-Rumley Thresher Company, a corporation, was plaintiff below, and the appellant was defendant. The plaintiff was the owner of two tracts of land in the city of Grand Forks, N. D. Each was in the business portion of the city. One was situated on Seventh street and International avenue and consisted of four platted lots known as lots 1, 3, 5, and 7, in block 7 in Griggs addition. The other was situated on Third street and consisted of a portion of one lot known as lot 12 in block 32 in original town site of Grand Forks. On each tract was a business building. The defendant had resided in Grand Forks for 30 years and had had contracts in connection with the building or repairs of each of the buildings. He was also engaged in the real estate business and knew the values of each of the tracts. The defendant in May, June, and July, 1918, had conducted negotiations by letters and telegrams with plaintiff for the purchase of the Seventh street property, and had finally offered to pay $6,000 therefor. The plaintiff had accepted this offer subject to the approval of the board of directors. The directors at a meeting held soon thereafter voted to accept the bid and authorized the corporation's officers to execute a deed. A deed was executed and sent to the defendant in care of a local bank, and the defendant received the deed and paid $6,000 to the bank for the plaintiff's benefit; but this deed described the Third street property, which was worth $15,000. This suit was brought to cancel this deed on the claim that it was executed by mistake.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The chief defense presented was that the execution of the deed was the result of plaintiff's negligence, and hence it was entitled to no relief. It was shown that plaintiff's place of business is at La Porte, Ind., and that it conducts a large business in the sale of machinery in many of the states and also in foreign countries. It owns hundreds of tracts of land in the United States. The title papers to these lands are kept in separate packets in a vault connected with its comptroller's office at La Porte. The comptroller's secretary and stenographer, Mr. Neckerman, acts as custodian of these files. After the plaintiff's board of directors had authorized the conveyance of the Seventh street property, its comptroller turned over the correspondence and telegrams that had passed between it and the defendant to its general attorney, Mr. Winn, and asked him to prepare the papers for the sale of the property. Mr. Winn told his stenographer to see Mr. Neckerman and to obtain the file relating to the property at Seventh street and International avenue in Grand Forks. The stenographer did not ask Mr. Neckerman for this file, but for the Grand Forks property file. Mr. Neckerman knew there were two separate tracts in Grand Forks owned by the company, but he selected the file relating to the Third street property and gave it to the stenographer, presuming it was the one desired. Mr. Winn received this file from the stenographer, supposing it related to the Seventh street property. He made no comparison of the papers in it with the correspondence between the defendant and the company. On examination of some documents in this file, Mr. Winn became doubtful of the state of the title to some of the property to which it related. Thereupon on July 7th, he wired a message to the defendant that the company would convey its title "to land we own between spur track and street in lot twelve, block thirty-two, Grand Forks, for six thousand dollars cash. Advise by wire where to send papers." In reply, the defendant, the same day, wired a message to plaintiff as follows: "Send papers to First National Bank, Grand Forks, conveying to me property you own between spur track and street in lot twelve, block thirty-two, original town site, Grand Forks, six thousand dollars. Advise by wire, at my expense when you have mailed papers."

Mr. Winn prepared a deed, which is dated the next day, conveying the Third street property to the defendant on the supposition that it conveyed the Seventh street property as had been authorized by the board of directors, but relying only on the file his stenographer had brought him for the description of land conveyed. He presented the deed to the vice president of the company, who was authorized to execute such deeds. He told him that it was a deed of the property at Seventh street and International avenue, whose conveyance the board of directors had authorized, and the vice president, on this assurance, signed it without reading it. Some delays ensued and messages were exchanged between the plaintiff and the defendant relating to the furnishing of an abstract of title, but on July 18th the deed was mailed to the bank at Grand Forks, with instructions to deliver it to defendant upon his payment to it of $6,000. At once on its arrival at the bank the defendant paid the money and received the deed. Soon afterwards plaintiff began this suit. The trial court found that the deed was executed and delivered under a mistake of facts and without culpable negligence and also under circumstances which charged the defendant with knowledge or belief that a mistake had been made, and canceled the deed upon terms that are not now in question.

George A. Bangs, of Grand Forks, N. D. (George R. Robbins, of Grand Forks, N. D., on the brief), for appellant.

N. C. Young, of Fargo, N. D. (Watson, Young & Conmy, of Fargo, N. D., and J. E. Winn, of La Porte, Ind., on the brief), for appellee.

Before SANBORN and STONE, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge (after stating the facts as above). [1] The defendant insists that the vice president of plaintiff was guilty of

negligence in failing to read the draft of the deed presented to him by Mr. Winn, before he signed it. It is the general rule that a written contract or deed cannot be annulled, in the absence of fraud, by proof that a party to it did not read it before he signed it, because it was his legal duty to read it or to have it read to him, and a failure to read it or to have it read to him is gross negligence. Upton, Assignor, v. Tribilcock, 91 U. S. 45, 23 L. Ed. 203; Chicago, St. P., M. & O. Ry. Co. v. Belliwith, 83 Fed. 437, 28 C. C. A. 358.

In this case the vice president had the assurance of Winn, the general attorney for the company and its trusted legal advisor, who had served the company for many years, that the deed was for the Seventh street property which the directors had voted to convey. Reliance on such a statement was not negligence. In the practical conduct of the affairs of large modern business organizations, action upon such reliance is the common and necessary method of managing its business, or, in other words, it is what ordinarily prudent men constantly do.

[2] It is also said that the stenographer was negligent in failing to call for the file she had been told to obtain, that the document clerk was negligent in failing to ascertain the proper one of the two files relating to the Grand Forks properties, and that Mr. Winn was negligent in failing to compare the description of the property in the file brought to him, with the description referred to in the correspondence with defendant, before he sent his message to defendant and when he prepared and sent the deed to defendant. Appellant claims that a party cannot be relieved from the consequences of a mistake, if the party making the mistake had the means of knowledge of the true state of facts, and made the mistake because of his want of ordinary care, and in support of this principle are cited cases such as Grymes v. Sanders, 93 U. S. 55, 23 L. Ed. 798; Files v. Brown, 124 Fed. 133, 59 C. C. A. 403; Burk v. Johnson, 146 Fed. 209, 76 C. C. A. 567; Great Western Mfg. Co. v. Adams, 176 Fed. 325, 99 C. C. A. 615; Bailey v. Lisle Mfg. Co., 238 Fed. 257, 152 C. C. A. 3. The authority of these cases is undoubted, but the rule that is applicable to the facts in this case is supplied by the statutes of North Dakota. Section 5934 of the North Dakota Civil Code (Compiled Laws 1913) provides:

"A party to a contract may rescind the same in the following cases only:

"(1) If the consent of the party rescinding, or of any party jointly contracting with him was given by mistake or obtained through duress, menace, fraud or undue influence exercised by or with the connivance of the party as to whom he rescinds or of any other party to the contract jointly interested with such party."

Section 5854 provides as follows:

"Mistake of fact is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake and consisting in:

"(1) An unconscious ignorance or forgetfulness of a fact past or present material to the contract; or,

"(2) Belief in the present existence of a thing material to the contract which does not exist, or in the past existence of such a thing which has not existed."

[3] An enlargement of equitable rights given by a state statute may be administered by the United States court as well as by the courts of the state. Case of Broderick's Will, 21 Wall. 520, 22 L. Ed. 599; Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495, 28 L. Ed. 52; Smith v. Reeves, 178 U. S. 436, 20 Sup. Ct. 919, 44 L. Ed. 1140; Devine v. Los Angeles, 202 U. S. 313, 26 Sup. Ct. 652, 50 L. Ed. 1046.

[4] Under the provisions of the North Dakota Code which has been quoted, the mistake of fact which authorizes a decree of rescission or cancellation is "a mistake not caused by the neglect of a legal duty on the part of the person making the mistake," and may consist in an unconscious forgetfulness of a present or past fact material to the contract. The Supreme Court of North Dakota in the case of Benesh v. Travelers' Ins. Co., 14 N. D. 39, 103 N. W. 405, quoted this statutory definition of mistake and applied it to a written contract agreeing to convey more land than the grantor intended to convey and held a rescission to be authorized. It also repelled the suggestion that relief should be denied because of the grantor's negligence in failing to examine accessible papers from which a correct description of the property could have been obtained, holding that failure to avail one's self of the means of knowledge did not bar relief from mistake provided there is no "neglect of a legal duty." The acts of the stenographer, document clerk, and general attorney of the plaintiff upon which the defendant relies as constituting negligence cannot be said to be the neglect of legal duties, but were acts of unconscious ignorance or forgetfulness of facts. Not every act of negligence is a neglect of legal duty. 2 Pom. Eq. Jur. § 856.

[5] The evidence was clear and convincing that plaintiff's deed was executed and delivered under a "mistake" as defined in the state statute. The evidence is also convincing in support of the trial court's finding that Bailes knew, or at least suspected and had good reason to know, when he received the deed, that a mistake had been made by the vendor. The parties had long negotiated for the sale of the Seventh street tract and the transaction had practically been closed, and neither party had suggested the sale of the Third street tract. The price mentioned in Winn's telegram was identical with the price agreed on in the prior negotiations as to the other property. It was a grossly inadequate price for the Third street property, and defendant was aware of that fact. The defendant showed unusual haste and secrecy in accepting the deed before he had examined the abstract of title, and many circumstances indicate that he knew he was obtaining a deed to property that the grantor did not intend to convey. His position is not that of a favorite in equity.

The decree of the District Court will be affirmed.

SANBORN, Circuit Judge (dissenting). I am unable to bring my mind to the conclusion that the vendor of valuable real estate does not owe to his vendee the legal duty to ascertain and use in his negotiations for the sale and in his conveyance thereof, a description which clearly identifies the property, or to the conclusion that when he not only fails so to do, but actually uses one throughout the negotiations

and in his conveyance which clearly describes another tract, he does not fail in the discharge of his legal duty to his vendee. This was what the thresher company did, and, although it did this by means of its agent and employés, it is not less liable to the legal and equitable consequences of its inexcusable negligence than an individual would have been.

Moreover, this is a suit in equity by the thresher company versus Bailes, its vendee, and the real question is: Has Bailes in this transaction failed to discharge any duty he owed to his vendor, or has he committed any injustice or inequity towards him? The record contains no evidence of any such failure, or of any such act. He accepted a plain telegraphic offer by the thresher company to sell to him a clearly described tract of land, took the thresher company's deed, and paid the thresher company its price for it.

"A court of equity," says the Supreme Court, "can act only on the conscience of a party; if he has done nothing that taints it, no demand can attach upon it, so as to give any jurisdiction. * * * Strong as a plaintiff's equity may be, it can in no case be stronger than that of a purchaser, who has put himself in peril by purchasing a title, and paying a valuable consideration, without notice of any defect in it, or adverse claim to it." Boone v. Chiles, 35 U. S. (10 Pet.) 177, 210, 9 L. Ed. 388; Steinbeck v. Bon Homme Mining Co., 152 Fed. 333, 339, 81 C. C. A. 441, and cases there cited.

It seems to me that the defendant below was such a purchaser, that his equity was superior to that of the negligent thresher company, and that the decree below should be reversed.