<hr/>

### SOUTHERN PAC. CO. v. BURCH.

(Circuit Court of Appeals, Ninth Circuit. February 11, 1907.)

#### No. 1,345.

REMOVAL OF CAUSES—JURISDICTION OF FEDERAL COURT—NONRESIDENCE OF PARTIES.

A federal court cannot acquire jurisdiction by removal of a suit in which such jurisdiction is dependent on diversity of citizenship, where neither of the parties is a resident of the district, and the plaintiff does not consent to such jurisdiction or waive his rights.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, §§ 32, 33.]

In Error to the Circuit Court of the United States for the District of Nevada.

See 145 Fed. 443.

S. Summerfield and P. F. Dunne, for plaintiff in error.

Herbert R. Macmillan and H. H. Henderson, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This action was originally brought in one of the courts of the state of Nevada by the defendant in error as plaintiff, against the plaintiff in error as defendant, to recover damages for personal injuries alleged to have been sustained by the plaintiff to the action by reason of the negligence of the defendant thereto. The plaintiff being a resident and citizen of the state of Utah, and the defendant to the action being a corporation of the state of Kentucky, and therefore a resident and citizen of that state, upon the defendant's motion, and the filing of a petition and bond, the case was removed from the state court of Nevada to the United States Circuit Court for the District of Nevada, where the plaintiff to the action, defendant in error here, moved the court below to remand the case to the state court for lack of jurisdiction in the federal court over it, which motion the court below denied, and a trial thereof having been subsequently had, resulting in a verdict and judgment for the plaintiff, the case was brought here by the defendant thereto by writ of error.

Neither party to the suit being a citizen or resident of the state of Nevada at the time of its commencement, we must, without reference to the merits of the controversy, upon the authority of the case of Ex parte Abram C. Wisner (decided by the Supreme Court December 10, 1906) 27 Sup. Ct. Rep. 150, 51 L. Ed. ——, reverse the judgment, with costs to the defendant in error, and with directions to the court below to remand the case to the state court from whence it came, for lack of jurisdiction of the federal court over it.