MUTUAL LIFE INS. CO. OF NEW YORK et al. v. PAINTER et al.

(District Court, D. Maryland. March 9, 1915.)

1. REMOVAL OF CAUSES ⊛⇒12—RIGHT OF REMOVAL—JURISDICTION OF DISTRICT COURT.

 Where complainants in a suit originally filed in a Maryland court were citizens of New York, and the substantial defendants were citizens of Florida, so that the suit could not have been originally instituted in the United States District Court for the District of Maryland, it cannot be removed to that court by the defendants, over the objection of complainants.

 [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. ⊛⇒12.]

2. COURTS ⊛⇒268—JURISDICTION—DISTRICT COURT—RESIDENCE OF DEFENDANTS—"SUIT TO ENFORCE A LIEN."

 A bill by insurance companies asking for an examination of the vital organs of insured, which were in the custody of a clerk of the state court, is not a "suit to enforce a lien" on or claim to specific property, which under Judicial Code (Act March 3, 1911, c. 231, § 57, 36 Stat. 1102, Comp. St. 1913, § 1039), may be brought in the district in which the property is, but is in the nature of a bill for discovery or to preserve testimony, and must be brought, under Judicial Code, § 51 (section 1033), in the district where defendants reside.

 [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 806, 807, 812; Dec. Dig. ⊛⇒268.]

3. COURTS ⊛⇒328—JURISDICTION—DISTRICT COURT—AMOUNT IN CONTROVERSY.

 If the bill is treated as a bill for discovery, the amount in controversy is the amount in dispute in the cause in which the testimony is to be used; but, if it is regarded as a claim to specific property, the amount in controversy is the value of the property, which is not sufficient to give jurisdiction to the federal court.

 [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. ⊛⇒328.]

In Equity. Bill by the Mutual Life Insurance Company of New York and others against Martha S. Painter and others for an examination of the organs of a deceased person. On motion by plaintiffs to remand to the state court, after removal to the federal court by the defendants. Motion granted.

Barton, Wilmer & Stewart and Randolph Barton, Jr., all of Baltimore, Md., for plaintiffs.

Arthur L. Jackson, of Baltimore, Md., for defendants.

ROSE, District Judge. In his lifetime Edward O. Painter was the husband of one of the defendants and the father of another. At the time of his death his life was insured for upwards of $1,000,000. The circumstances of his death were somewhat peculiar. There were other facts which seem to the insurance companies suspicious. The coroner removed from his body the principal vital organs and sent them to a Baltimore chemist. Some litigation over these remains followed in the state courts. Painter v. U. S. Fidelity & Guaranty Co., 123 Md. 301, 91 Atl. 158. By a writ of error the Painters carried the case to the Supreme Court of the United States, where it is now pending.

[1] Early in this litigation the remains were placed in the custody of the defendant Carson, the clerk of the circuit court of Baltimore city. The bill of complaint in the cause now at bar was originally filed in that court. It set up that a settlement was about to be reached between the parties to the preceding litigation, as a result of which the remains would be taken out of the custody of the clerk and would become inaccessible to the plaintiffs. It asked for a chemical and pathological examination under the order of the court and for an injunction forbidding the delivery of the remains to the Painters, or their removal from the jurisdiction of the court. The defendants attempted to remove the case here. The plaintiffs have moved to remand. They are New York corporations. Two of the defendants are citizens of Florida. The third is clerk of the circuit court of Baltimore city and a citizen of Maryland. The defendants say that he is a nominal party only. Even so, the plaintiffs are for jurisdictional purposes to be considered as citizens of New York and the substantial defendants of Florida. Such a case could not, against the objection of the defendants, have been entertained by the United States District Court for the District of Maryland, if it had been there originally brought. Judicial Code, § 51. It could not, therefore, be here removed (Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264), unless both sides waived their right to object to such removal (In re Moore, 209 U. S. 490, 28 Sup. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164). That, the plaintiffs have not done.

Judge Cochran, in Louisville & Nashville R. Co. v. Western Union Telegraph Co. (D. C.) 218 Fed. 91, held that the decision in the Wisner Case was inadvertently made, and that its authority has been now so shaken, in consequence of the repudiation by the Supreme Court of the principle upon which it was based, that it is no longer to be accepted as an expression of the present view of the court which made it. He thinks that that tribunal will welcome an opportunity to review what it there said. It has little chance to overrule or even to explain any of its decisions limiting removability. District Judges follow what they understand it to have decided. From their action in remanding cases no appeal lies. If the Supreme Court wishes to review what it said in the Wisner Case, Judge Cochran has apparently opened a way. Until it has done so, it would seem unnecessary and unwise for any other District Judge to follow him. As a rule much greater harm is done by refusing to remand a case, which it is ultimately determined should have been remanded, than by remanding one, jurisdiction over which might properly have been retained.

[2] It follows that it must be held that the case at bar is not removable, unless it be one which is excepted from the provisions of section 51 of the Judicial Code. Defendants say that it is, and that it comes under the special provisions of section 57, which permit a suit to enforce a lien upon or a claim to, or to remove any incumbrances or lien or cloud upon the title to any real or personal property to be brought in the district within which such property is.

Bills similar to the one in this case have naturally been rare, but they have not been unknown. It has never been supposed that they sought to enforce a lien upon, or assert a claim to, the remains of the deceased.

They have been assumed to be bills for discovery or to perpetuate testimony. Griesa v. Mutual Life Ins. Co., 169 Fed. 509, 94 C. C. A. 635. As such they are ordinarily subject to the provisions of section 51.

[3] The amount in controversy in such a proceeding is the value of the thing in dispute in the cause in which the testimony is to be used. On the other hand, if this is a suit to enforce a lien upon or a claim to the specific organic remains now in the custody of the defendant Carson as clerk of the state court, the amount in controversy could not exceed their value, and that is presumably nothing. So that, if this is a case under section 57, the amount in controversy is insufficient to permit this court to exercise jurisdiction.

The motion to remand must be granted, at the cost of Mrs. and Miss Painter, who caused the transcript of record to be here filed.