## PENINSULA LUMBER CO. v. ROYAL INDEMNITY CO.

(District Court, D. Oregon. December 4, 1916.)

### No. 7314.

REMOVAL OF CAUSES ⬿105—NONRESIDENCE OF PARTIES—REMAND.

Action brought in the court of a state of which neither party was a resident, removed on petition of defendant to the federal court for the district of that state, should be remanded; plaintiff not having waived the court's want of authority to entertain jurisdiction in that district, but having appeared specially, and only for purpose of motion to remand.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 215; Dec. Dig. ⬿105.]

At Law. Action by the Peninsula Lumber Company against the Royal Indemnity Company. On motion of plaintiff to remand to state court. Motion granted.

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

James B. Kerr and Richard Sleight, both of Portland, Or., for plaintiff.

Watt, Thornton & Watt, of San Francisco, Cal., and Wilbur, Spencer & Beckett, of Portland, Or., for defendant.

WOLVERTON, District Judge. This action was instituted in the circuit court of the state of Oregon for Multnomah county. The plaintiff is a resident and inhabitant of the state of Wisconsin, and the defendant a resident and inhabitant of the state of New York. Defendant in due time petitioned for a removal of the cause to this court, and the removal was allowed. When the case reached here, the defendant demurred to the complaint. The plaintiff, appearing specially and for the purpose of the motion only, moved to remand the cause to the state court, on the ground that this court is without jurisdiction in the premises.

It is apparent that jurisdiction of the court is based on the ground of diversity of citizenship; but neither of the parties is a citizen and inhabitant of the state of Oregon. The sole question presented is whether this court has jurisdiction to entertain the cause, and to decide the same upon its merits. In the case of Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, arising upon a similar state of facts, the Supreme Court, entertaining jurisdiction by mandamus and prohibition, decided that the cause should be remanded. In the course of the opinion the court said:

"Jurisdiction of the suit could not have obtained, even with the consent of both parties."

This case is decisive of the one at bar, unless it has been overruled by a subsequent decision of the Supreme Court. The contention of defendant is that it has been so overruled, citing to that purpose In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164, and Western Loan Co. v. Butte & Boston Min. Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101.

The former case arose upon substantially the same state of facts as the one at bar, except that plaintiff, after removal of the cause to the Circuit Court of the United States, filed an amended petition and signed a stipulation giving time to the defendant to answer, and subsequently entered into successive stipulations with the defendant for continuation of the trial, all in that court. The Circuit Court refused to remand the cause, and in this holding was sustained by the Supreme Court. The Supreme Court held in effect that the federal court has general jurisdiction in all cases where there is diversity of citizenship, and that, if a suit or action is instituted in a state or district of which neither party is an inhabitant, the right of the parties to insist that the suit should be brought in one or the other of such districts may be waived, and it was further decided that such right of both parties, the plaintiff and defendant, was waived in that case, and it was upon that ground that the decision of the Circuit Court, refusing to remand the case to the state court, was sustained. In the course of the opinion the court, referring to the above quotation from the Wisner Case, had this to say:

"There was no pretense of any consent on the part of the plaintiff in that case, and therefore this statement was unnecessary. In order, however, to prevent future misconception, we add that nothing in the opinion in the Wisner Case is to be regarded as changing the rule as to the effect of a waiver in respect to a particular court."

It is as to the declaration in the Wisner Case that "jurisdiction of the suit could not have obtained, even with the consent of both parties" that the Moore Case overrules the Wisner Case; the former holding that general jurisdiction of suits or actions founded solely upon diversity of citizenship exists under the statute, but that, if such suit or action is brought in a state or district of which neither party is a resident, the objection that it was not brought in a particular court may be waived by either or both parties.

The Western Loan Company Case was instituted in the Circuit Court of the United States, and was dismissed for want of jurisdiction. The judge presiding based his action upon the supposed authority of Ex parte Wisner. The Supreme Court declared that the judge was in error, saying that the Wisner Case "is now overruled in In re Moore, in so far as it was said in the Wisner Case that a waiver could not give jurisdiction over a person sued in the wrong district, where diversity of citizenship existed." But this case does not yet supersede the real question decided by the Wisner Case, which was that, the plaintiff not having waived the court's want of authority to entertain jurisdiction in the particular district, the cause ought to be remanded. Inferentially, the principle is reaffirmed in the case of In re Moore.

The case of Ex parte Harding, 219 U. S. 363, 31 Sup. Ct. 324, '55 L. Ed. 252, 37 L. R. A. (N. S.) 392, has no particular bearing on the question at issue, although it disapproves of the Wisner Case at another angle, namely, that the court in that case entertained jurisdiction to review the cause by mandamus, whereas it was without authority for so doing. The question was not raised when the Wisner Case was submitted, nor was the authority of that case on that point disputed until the Harding Case came up.

The plaintiff in the case at bar having appeared specially for the purpose of the motion to remand only, and not having appeared generally, or otherwise waived the lack of jurisdiction of this court over the parties, the motion will be sustained, and the cause remanded to the state court.