### NICKELS v. PULLMAN CO.

(District Court, W. D. Virginia. August 7, 1920.)

1. **Removal of causes** ⊕⟿26—**Diverse citizenship and requisite amount not sufficient to give jurisdiction.**

    That the parties to a suit are citizens of different states and the requisite amount is involved is not sufficient to give a federal court jurisdiction on removal.

2. **Removal of causes** ⊕⟿11—**Citizenship and residence of plaintiff not sufficient to give jurisdiction.**

    That plaintiff in an action is a citizen of the state and a resident of the district is not sufficient to give a federal court jurisdiction on removal, where valid service of process of that court could not have been made on defendant in an original action.

3. **Removal of causes** ⊕⟿11—**Essentials to jurisdiction of federal court.**

    Original jurisdiction by the federal court, by reason of diversity of citizenship and sufficiency of amount involved, and an invitum jurisdiction over the person of the defendant are essential to removal, unless the plaintiff consents or waives objection.

4. **Removal of causes** ⊕⟿86(1)—**Petition must show jurisdiction of federal court.**

    A petition for removal should state facts which, taken in connection with such as already appear in the record, show that the federal court would have jurisdiction of the suit when transferred.

At Law. Action by one Nickels against the Pullman Company. On motion to remand to state court. Granted, subject to leave to amend petition for removal.

Morison, Morison & Robertson, of Bristol, Va., for plaintiff.
Scott & Buchanan, of Richmond, Va., for defendant.

McDOWELL, District Judge. 1. This action was removed by the defendant to this court from the corporation court of the city of Bris-

tol, Va. The plaintiff is a citizen of Virginia, residing within this judicial district. The defendant is an Illinois corporation. The amount involved is $25,000. The action arose from the fact, as alleged, that the plaintiff, a woman, was treated with indignity by the conductor and porter, while a passenger on a Pullman car. The plaintiff started on her journey as a Pullman passenger at Bristol Va., and the incidents set out in the declaration occurred in Alabama. The service of the process of the corporation court was made on the secretary of state at Richmond, Va., who is by the new Virginia Code made the agent of all nondomestic corporations. Sections 3845, 3847, Code 1919. The theory of the plaintiff seems to be that a part of the cause of action arose in Bristol, where the Pullman ticket was purchased. Section 6050, Code 1919. On removal of this cause to this court, the defendant, appearing specially, filed a plea to the jurisdiction and also a plea in abatement, setting up want of jurisdiction of the corporation court. The plaintiff, not objecting or replying to either plea, also appearing specially, has filed a motion to remand, and stands thereon.

This litigation (but not this action) was commenced in this court. The plaintiff filed in this court at Big Stone Gap, in 1916, a declaration substantially, if not exactly, the same as the present declaration. The first of plaintiff's efforts to get the defendant into court consisted of service of the process of this court in this district on one Bush, alleged to be an agent of the defendant, and also by service in the Eastern district of Virginia on the statutory agent (sections 1105a-14, 3225, Code 1904) of the Pullman Company. Making a special appearance for the purpose, the defendant showed that Bush was not an agent of the defendant on whom process could be validly served, and of course was successful in its contention that service of the summons of this court outside of this district was invalid. The plaintiff next had service made in this district on the Norfolk & Western Railway Company, alleging it to be an agent of the Pullman Company on whom service could be made. But on reading the contract between these companies I held that such was not the fact. The next effort was the publication of the summons in a weekly newspaper of small circulation published in this district. This effort also was held to have been unavailing. The plaintiff then sued out writ of error, but unfortunately from the wrong court. Nickels v. Pullman Co. (C.C.A.) 263 Fed. 551. The plaintiff then instituted the present action in the corporation court of Bristol. The plaintiff files with her motion to remand, as part thereof, a copy of the record of the action in this court at Big Stone Gap. In the petition for removal there is no allegation of facts showing that, at the time of the institution of this action in the corporation court, the defendant had in this district any agent on whom the service of the process of this court in an original action could have been validly made; nor does the record otherwise show such fact. In the record is a plea in abatement, verified March 31, 1917, and filed April 4, 1917, in which it is said:

"This defendant has no agent in the Western district of Virginia, authorized to receive service of process, or upon whom process against this company can be legally served."

The Supreme Court has frequently ruled that the purpose of the Judiciary Act of 1887–88 (24 Stat. 552, 25 Stat. 433), was to restrict the jurisdiction of the federal trial courts. In Smith v. Lyon, 133 U. S. 315, 319, 10 Sup. Ct. 303, 304 (33 L. Ed. 635), it is said:

" * * * Show the purpose of the Legislature to restrict rather than to enlarge the jurisdiction of the Circuit Courts. * * * "

In the case of In re Pennsylvania, 137 U. S. 451, 454, 11 Sup. Ct. 141, 142 (34 L. Ed. 738), it is said:

"The general object of the act is to contract the jurisdiction of the federal courts."

In Fisk v. Henarie, 142 U. S. 459, 467, 12 Sup. Ct. 207, 210 (35 L. Ed. 1080), it is said:

"The attempt was manifestly to restrain the volume of litigation pouring into the federal courts. * * * "

In Shaw v. Quincy Mining Co., 145 U. S. 444, 449, 12 Sup. Ct. 935, 937 (36 L. Ed. 768), it is said:

"And the general object of this act, as appears upon its face, and as has often been declared by this court, is to contract, not to enlarge, the jurisdiction of the Circuit Courts of the United States."

In Camp v. Gress, 250 U. S. 308, 312, 39 Sup. Ct. 478, 480 (63 L. Ed. 997) it is said:

"The 1887–1888 act accomplished its purpose of restricting the jurisdiction of the federal courts, in part, by, * * * " etc.

See, also, Missouri Pac. R. Co. v. Fitzgerald, 160 U. S. 556, 583, 16 Sup. Ct. 389, 40 L. Ed. 536.

The question here turns on the intended meaning of the word "jurisdiction," as used in section 2, Act of 1887–88 (25 Stat. 434) and in section 28 of the Judicial Code (Comp. St. § 1010). The cause here is one between citizens of different states, involving much over $3,000. It follows that every federal trial court in the United States has original jurisdiction of what may inaccurately, but conveniently, be called the subject-matter of this controversy. It is also true that every federal trial court in the United States would have complete original jurisdiction (of the subject-matter and of the persons of both parties), if the defendant either consented to the jurisdiction or waived its objection. The removal clause (section 2) of the statute of 1887–88 refers to the original jurisdiction given by section 1. The language is:

" * * * Of which the Circuit Courts of the United States are given original jurisdiction by the preceding section. * * * "

In section 28 of the Code District Courts are substituted, and "this title" takes the place of "the preceding section."

[1, 2] This language, considered alone, could mean: (1) Any cause may be removed if the federal trial courts have original jurisdiction of the subject-matter; or (2) if the particular federal court to which the cause is removed would have had original jurisdiction of the subject-matter and jurisdiction over the person of the defendant by consent (or by waiver of objection) of the defendant; or (3) if the particu-

lar federal court to which the cause is removed would have had complete original jurisdiction, if the defendant had neither consented to the jurisdiction of the court over his person, nor waived his objection to such jurisdiction. For brevity's sake, I shall refer to such jurisdiction of the person of the defendant as an in invitum or compulsory jurisdiction.

If the first construction is right, every action between citizens of different states involving over $3,000 is removable. I know of no power vested in the subordinate federal courts to decline to follow either the rulings or the necessary implications of the rulings of the Supreme Court. Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264 (and I refer only to that ruling which stands to-day unreversed, and, by the Supreme Court, unquestioned), and In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164, seem to me to put the first of the above-mentioned constructions out of the range of discussion. In the first case a citizen of Michigan sued a citizen of Louisiana in a state court within the Eastern federal judicial district of Missouri. The defendant removed the case to the federal trial court of that district. The plaintiff moved to remand. It was held that the cause should have been remanded. The ground of the decision (203 U. S. p. 460, 27 Sup. Ct. 150, 51 L. Ed. 264), is that the particular federal court to which the case was removed would not have had original jurisdiction of the action. In the Moore Case, a citizen of Illinois (the citizenship of the next friend of the plaintiff being of no importance, 209 U. S. 508, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164; Blumenthal v. Craig, 81 Fed. 320, 26 C. C. A. 427) sued a citizen of Kentucky in a state court within the Eastern district of Missouri. The defendant removed the case to the federal trial court of that district. Thereafter the plaintiff filed in the federal court an amended pleading on the merits and entered into several stipulations for continuances. Still later the plaintiff moved to remand, and, this being overruled, applied for mandamus. The jurisdiction of the federal court was upheld on the ground that both parties had waived their right to object to the jurisdiction of that court. In each case there was a controversy between citizens of different states, involving the requisite amount. That these facts alone do not give jurisdiction on removal cannot to my mind be questioned by a subordinate federal court. In support of this conclusion see Pendar v. Empire Co. (D. C.) 260 Fed. 669; Guaranty Trust Co. v. McCabe, 250 Fed. 699, 163 C. C. A. 31; Peninsular Co. v. Royal Co. (D. C.) 237 Fed. 297; Mutual Life Ins. Co. v. Painter (D. C. 4th Circuit) 220 Fed. 998, 999; Western Union Co. v. Louisville & N. R. Co. (D. C.) 201 Fed. 932; Baldwin v. Pacific, etc., Co. (D. C.) 199 Fed. 291; Stone v. Chicago, etc., R. Co. (D. C.) 195 Fed. 832; Odhner v. Northern Pac. Co. (C. C.) 188 Fed. 507; Shawnee Bank v. Missouri etc. R. Co. (C. C.) 175 Fed. 456; Baxter etc. v. Hammond Co. (C. C.) 154 Fed. 992; Southern Pac. Co. v. Burch, 152 Fed. 168, 82 C. C. A. 34; Goldberg v. German Ins. Co. (C. C.) 152 Fed. 831, 834; Yellow Aster Co. v. Crane Co., 150 Fed. 580, 80 C. C. A. 566; Foulk v. Gray (C. C. 4th Circuit) 120 Fed.

156. See, contra (possibly), Centaur Motor Co. v. Eccleston (D. C.) 264 Fed. 852; Sanders v. Western Union Co. (D. C.) 261 Fed. 697; Matarazzo v. Hustis (D. C.) 256 Fed. 882; James v. Amarillo Co. (D. C.) 251 Fed. 337; M. Hohenberg v. Mobile Liners (D. C.) 245 Fed. 169; Louisville & N. Co. v. Western Union Co. (D. C.) 218 Fed. 91; Rubber, etc., Co. v. John L. Whiting, etc., Co. (D. C.) 210 Fed. 393; Morris v. Clark Co. (D. C.) 140 Fed. 756; Kansas, etc., Co. v. Interstate Co. (C. C.) 37 Fed. 3; Wilson v. Telegraph Co. (C. C.) 34 Fed. 561.

However, it seems to me that by necessary intendment the Moore Case, if not the Wisner Case, negatives the possibility of adopting the second of the above-mentioned possible constructions. It may be thought that the ruling in the Wisner Case, that there was no jurisdiction on removal because there would have been, even by the consent of the defendant, no original jurisdiction, is based on the fallacy that consent by the defendant would not have given original jurisdiction. But certainly the Moore Case is not based on such fallacy. The Moore Case, 209 U. S. 507, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164, overrules this statement in the opinion in the Wisner Case.

In both the Wisner Case and the Moore Case complete original jurisdiction (the power to hear and determine) would certainly have been given the federal court to which the removal was made (as well as every other federal trial court in the United States) by the consent or by waiver of objection on the part of the defendant. In the Wisner Case it was held that the court to which removal was sought did not have jurisdiction on removal. In the Moore Case it was held that jurisdiction on removal was obtained only because of the waiver of objection. The necessary implication being that there would have been no jurisdiction on removal if the plaintiff had not waived his objection, I cannot see any way to escape the conclusion that these rulings by the Supreme Court necessarily imply that an original jurisdiction, gained by consent or by waiver on the part of the defendant, is not sufficient to give jurisdiction on removal, except by consent or waiver on the part of the plaintiff. The necessary result is that complete original compulsory jurisdiction alone is sufficient to give jurisdiction on removal, unless the plaintiff consents or waives objection thereto.

I freely grant that the Supreme Court has in the above-mentioned cases in effect construed into the removal clause some words that are not in the statute. Original power to hear and determine (given diversity of citizenship and the requisite amount) has ever been given by consent or waiver of objection on the part of the defendant. The Wisner and Moore Cases have in effect made the removal clause read:

"Of which the District Courts of the United States are given *complete compulsory* jurisdiction by this title. * *. * "

[3] It is earnestly contended by counsel for the defendant that the fact that the court to which the removal is here sought is the federal court of the state of the plaintiff's citizenship and of the district of her residence, although valid service of the process of this court could not in an original action in this court be made, entirely discriminates

the case at bar from the Wisner and Moore Cases. I am unable to concur. In the situation stated this court could obtain complete original jurisdiction only by consent or by waiver of objection on the part of the defendant. If this court is without compulsory original jurisdiction over the person of the defendant, this court has merely the same incomplete original jurisdiction which is possessed by every federal trial court in the United States. Throughout the Judiciary Act complete original jurisdiction is by necessary implication dependent on valid service of process on the defendant, or on consent or waiver on the part of the defendant. It follows that the federal trial court of the plaintiff's district, unless valid service of process can there be made, is as much dependent on consent or waiver on the part of the defendant for complete jurisdiction as is every and any other federal trial court. In other words, this court, without service of process, has exactly the same incomplete original jurisdiction that the Circuit Court for the Eastern District of Missouri would have had in the Wisner and Moore Cases.

It is easy to say that these two cases can be discriminated because the Supreme Court was not in either case considering the state of fact that is here under discussion. But the fact that a case under discussion presents only an immaterial difference of fact from earlier and controlling decisions does not afford ground for discrimination. And, to my mind, the existence of venue (without original compulsory jurisdiction over the person of the defendant) is an immaterial fact, because venue without valid service of process can never give jurisdiction to hear and determine, unless by consent or waiver of the defendant. And this incomplete jurisdiction is possessed by every federal trial court.

The learned counsel for the defendant here rely on Cain v. Commercial Publishing Co., 232 U. S. 124, 34 Sup. Ct. 284, 58 L. Ed. 534, Goldey v. Morning News Co., 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517, Wabash Western R. Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431, Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 Sup. Ct. 125, 54 L. Ed. 272, and Garvey v. Campania, etc. (D. C.) 222 Fed. 732, as authority against the foregoing construction. In Cain v. Commercial Publishing Co., 232 U. S. 124, 34 Sup. Ct. 284, 58 L. Ed. 534, the plaintiff did not move to remand. On the other hand, the plaintiff, after unsuccessfully demurring to defendant's plea to the jurisdiction, joined issue on the plea. In other words, instead of objecting that the federal court had no jurisdiction, the plaintiff was ill-advised enough to submit to the federal court the question of the validity of the service of the process of the state court. The plaintiff thereby waived his right to stay out of the federal court, and thereby gave to that court complete jurisdiction. That particular federal court had jurisdiction of the subject-matter of the action (between citizens of different states and involving $20,000) ; it had jurisdiction of the person of the defendant to decide the question as to the validity of the state court's process, by consent of the defendant; but that particular federal court would not have obtained jurisdiction of the person of the plaintiff to decide on the validity or invalidity of

the service of process if the plaintiff had done nothing but move to remand.

It should here be parenthetically said that a waiver may result when it was not intended (Wabash Western R. Co. v. Brow, 164 U. S. 271, 278, 17 Sup. Ct. 126, 41 L. Ed. 431), even when the intent not to waive is plainly shown (St. Louis, etc., Co. v. McBride, 141 U. S. 127, 128, 11 Sup. Ct. 982, 35 L. Ed. 659; Western Loan Co. v. Butte Min. Co., 210 U. S. 368, 370, 28 Sup. Ct. 720, 52 L. Ed. 1101; Jones v. Andrews, 10 Wall. 327, 332, 19 L. Ed. 935), and that the submission by the plaintiff to the federal court of the question of the validity of the service of the process of the state court is inconsistent with a subsequent objection by the plaintiff to the jurisdiction of the federal court, and hence a waiver of such objection (In re Moore, 209 U. S. 490, 506, 507, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164; Kreigh v. Westinghouse, 214 U. S. 249, 252, 253, 29 Sup. Ct. 619, 53 L. Ed. 984; Foulk v. Gray [C. C.] 120 Fed. 156, 164).

In Goldey v. Morning News, 156 U. S. 518, 519, 15 Sup. Ct. 559, 39 L. Ed. 517, the defendant in effect moved to quash the process of the state court and the return thereon, and the federal court in response to such motion issued a rule against the plaintiff to show cause why the motion to set aside the summons and service should not be granted. The plaintiff, instead of moving to remand and objecting to the right of the federal court to decide the issue tendered by the defendant, appeared and resisted on its merits the defendant's motion. The plaintiff thereby waived her right to successfully object to the jurisdiction of the federal court to decide the question of the validity of the service of the state court process.

In Wabash Western R. Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431, also, the plaintiff after removal made no motion to remand and (65 Fed. 943, 13 C. C. A. 222) joined issue in the federal court as to the validity of the service of the process of the state court, and thereby waived his right to object to the jurisdiction of the federal court.

In Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 Sup. Ct. 125, 54 L. Ed. 272, after removal, the defendant (first filing and then withdrawing a motion to quash the summons) filed a plea to the jurisdiction (215 U. S. 439), The plaintiff did not move to remand. On the other hand, the plaintiff filed an affidavit (215 U. S. 440) contradicting defendant's affidavits on the issue as to the validity of the service of the process of the state court.

In Garvey v. Campania, etc. (D. C.) 222 Fed. 732 (the remaining case cited in the brief for defendant), it appears (page 734) that after removal the defendant filed objection to the service of the process of the state court; that thereafter the plaintiff filed a motion to remand, but subsequently, failing to stand on his motion to remand, the plaintiff demurred to the motion to quash. In other words (as in all the cases cited by counsel for defendant in this connection) the plaintiff there impliedly admitted the jurisdiction of the federal court over his person for the purpose of trying the issue as to the validity

of the process of the state court. As was said in Lowe v. Stringham, 14 Wis. 241:

"If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes except to make that objection."

It is true that in no one of the last above-mentioned cases did the court discuss, or even mention, the waiver by the plaintiff of objection to the jurisdiction of the federal trial court over the plaintiff's person; but in each case there was a waiver by the plaintiff, too clear to call for remark, and the court naturally discussed in each case only the controverted questions.

The following quotations are from cases not presenting the state of fact assumed here, but they at least express the same belief that I hold as to the effect of the Wisner and Moore Cases:

In Isaac Kubie Co. v. Lehigh Valley R. Co. (D. C.) 261 Fed. 806, 808, it is said:

"However, the modifications declared by these cases do not change the rule, enunciated in the Wisner Case, that to remove a cause into a particular United States District Court, upon the ground of diversity of citizenship, the cause must not only be one over which a United States District Court is given original jurisdiction, but, unless the plaintiffs have expressly or impliedly consented to such removal, it must be one over which the selected court could have taken original jurisdiction in invitum."

In Keating v. Pennsylvania Co. (D.C.) 245 Fed. 155, 159, it is said:

"As a result, however, of Ex parte Wisner and In re Moore, and numerous decisions of subordinate United States courts, following and applying the same, it seems to be settled law that an action brought in a state court may not be removed to a United States court, unless it could, in the first instance, have been brought in that court, despite the timely objection of a nonconsenting party, even though, by failure to object after removal, the right so to do is waived, and the United States court may, as a result of such waiver, acquire ample jurisdiction to proceed to final judgment."

I am fully aware of the fact that the conclusion I have reached is highly restrictive of federal jurisdiction on removal. If I am right (except where the plaintiff consents or waives objection), the only court to which removal can be made is that of the district of the plaintiff's citizenship and residence, and removal to that court can be validly made only if the defendant could in that district have been validly served with the process of the federal court in an original action. In other words, original jurisdiction of what I have called the subject-matter and an in invitum jurisdiction over the person of the defendant are essential to removal, except when the plaintiff consents or waives objection to the removal.

It is I think true, as is urged by counsel for defendant, that when an original action is brought in the federal court of the district of the plaintiff's citizenship and residence, and valid service of process is there made on the defendant, the court can enter a valid judgment by default. And I think that it is also true that, if the original action be brought in the federal court of a district in which neither party resides, a valid judgment cannot be rendered by default, although the

defendant was validly served with process in the district of suit. But these admissions seem to lead nowhere in the present discussion. They amount to saying that the federal court which has venue has a power to render a default judgment which other federal courts have not. But the power of the court of the plaintiff's residence to render a valid original judgment by default is predicated on the existence of the very fact which I hold to be necessary to give that court jurisdiction on removal—valid service of process within the district of suit.

The strongest argument that can be made against the position that I take is that made by counsel for defendant, as follows: Sections 24 and 51 of the Judicial Code (Comp. St. §§ 991, 1033) are the only sections prescribing the jurisdiction of the federal trial courts, and hence the "jurisdiction" intended by section 28 is the jurisdiction of the subject-matter (given by section 24) and the venue (prescribed by section 51), regardless of service of process in an original action on the defendant. As I have fully admitted throughout this discussion, the language of the Judicial Code (and of the act of 1887–88), considered without reference to the Supreme Court rulings, could be so read. But such construction of the statute is not restrictive, and is forbidden by the necessary implication of the Wisner and Moore Cases, for in each of those cases the federal court to which the case was removed would have had original complete jurisdiction if the defendant had consented or had waived objection, and so much and only so much can be said of the original jurisdiction of this court of this case, if valid service of the process of this court could not have obtained at the time of the institution of the present action.

If by any possibility it be considered that the Wisner and Moore Cases can be discriminated from the assumed case herein discussed, the result is simply that we have here an unadjudicated question. I know of no case in which the question has been decided. Here and there among the opinions of the subordinate federal courts cited hereinabove are expressions indicating a belief that, if the court to which removal was sought had been the court of the plaintiff's residence, the right of removal would have been clear. But I believe that in every such opinion the thought is based on the implied supposition that valid service of process could have been made in the district of venue. And if the question is regarded as an open one, our choice must be between a lax and a restrictive construction of the statute. And assuredly the Supreme Court has never since the act of 1887–88 was passed failed to inculcate the duty of adopting a restrictive construction.

It is further urged by the defendant here that every possible doubt as to the jurisdiction of this court ought to be solved in favor of the defendant, as it has no appeal from an order remanding. But it seems to me that the situation of the plaintiff should also be considered. She has been since 1916 vainly knocking at the doors of this and of the corporation court of Bristol in an effort to have her case tried on its merits. If this court erroneously refuses to remand, she may have to endure the expense and delay of a trial on the merits by a court which has no jurisdiction over her person, and at the end of a long litigation may be as far from a binding adjudication of her case as

she was in 1916. As an order of remand by this court will be absolutely final and binding (Missouri Pacific v. Fitzgerald, 160 U. S. 556, 583, 16 Sup. Ct. 389, 40 L. Ed. 536; McLaughlin v. Hallowell, 228 U. S. 278, 286, 33 Sup. Ct. 465, 57 L. Ed. 835), the jurisdiction of the corporation court of Bristol to decide every question (including that as to the validity of the service of its own process) will be unquestionable. Believing, as I do, that this court may have no jurisdiction, I would clearly be doing wrong to retain this case, unless the defendant can make it appear that this court has jurisdiction.

[4] 2. Counsel for the defendant here have shown no disposition to question the soundness of the positions taken by them in this litigation in this court at Big Stone Gap; and, without having given the matter much thought, I am inclined to think that the rule against taking inconsistent positions in court forbids that they should. Davis v. Wakelee, 156 U. S. 680, 689 et seq., 15 Sup. Ct. 555, 39 L. Ed. 578. It is, however, possible that the defendant has had in this district since April, 1917, an agent on whom valid service could be made. If such is the fact, it seems that such fact should have been alleged in the petition for removal. If I am right in thinking that this court can get no jurisdiction of this case (the plaintiff neither consenting nor waiving objection), unless this court would have had original jurisdiction of the subject-matter and an in invitum jurisdiction over the person of the defendant, the petition for removal is defective in not alleging the facts which show such situation to have existed at the date of the institution of this action. In Railway Co. v. Ramsey, 22 Wall. 322, 328 (22 L. Ed. 823), it is said:

"To obtain the transfer of a suit, the party desiring it must file in the state court a petition therefor and tender the required security. Such a petition must state facts sufficient to entitle him to have the transfer made. This cannot be done without showing that the Circuit Court would have jurisdiction of the suit when transferred. The one necessarily includes the other."

In Insurance Co. v. Pechner, 95 U. S. 183, 185, 186 (24 L. Ed. 427) it is said:

"This right of removal is statutory. Before a party can avail himself of it, he must show upon the record that his is a case which comes within the provisions of the statute. His petition for removal, when filed, becomes a part of the record in the cause. It should state facts which, taken in connection with such as already appear, entitle him to the transfer."

See, also, Gold-Washing Co. v. Keyes, 96 U. S. 199, 201, 24 L. Ed. 656; Ches. & Ohio R. Co. v. Cockrell, 232 U. S. 146, 151, 34 Sup. Ct. 278, 58 L. Ed. 544. As has been said, the record here does not anywhere show the necessary fact.

Inasmuch as the plaintiff's (written) motion to remand does not specifically make objection to the petition for removal on this ground, it may be that the strictly regular course would be for the court of its own motion to now frame an issue of fact and fix a day for the trial of such issue. This course, principally because of my numerous engagements, involves very considerable delay, and probably also involves very unnecessary expense. A better solution is for the court of its own motion to allow the defendant a reasonable time within

which to amend the petition for removal (Kinney v. Columbia, etc., Ass'n, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103), so as to allege the fact, if it be such, that at the time of the institution of this action in the corporation court the defendant had in this district an agent on whom the process of this court against the defendant could have been validly served, or any other fact which obviates the existing objection to the jurisdiction of this court. If within the time fixed no such amendment is made, an order remanding will be made.