# 'AMERICAN RICE MILLING COMPANY'

*v.*

# ARMOUR & COMPANY.

San Juan, Law, No. 1491.

REMOVAL OF CAUSES.

Venue—Nonresident Corporation—Suit in Local or Federal Court.
1. A plaintiff corporation created under the laws of the state of Louisiana, suing a defendant corporation organized under the laws of the state of New Jersey, upon a cause of action arising in Porto Rico, in which there is involved a sum exceeding $3,000, exclusive of interest and costs, may bring such suit either in the proper Insular court of Porto Rico or in this court.

Removal—No Remand because Neither Corporation Here Domiciled.
2. If such suit be brought in an Insular court of Porto Rico, and the defendant corporation removes it to this court in proper proceedings, a motion to remand based upon the claim that neither corporation has its domicil in Porto Rico should be denied.

Venue—American Corporations Not Forced into Local Courts.
3. This court will not adopt the contention of counsel for complainant that the Congress of the United States ever intended to force into the Insular court of Porto Rico, where the proceedings are all in the Spanish language, a controversy between two American corporations, incorporated under different states of the Union, and that the doors of the Federal court should be shut against them.

Opinion filed January 3, 1922.

*Messrs. Monserrat & Monserrat* for plaintiff.

*Messrs. O. B. Frazer* and *Nelson Gammans* for defendant.

American Rice Milling Co. v. Armour & Co.

ODLIN, Judge, delivered· the following opinion:

This case comes before the court upon a motion to remand to the Insular court, and it is conceded that the plaintiff is a corporation under the laws of the state of Louisiana not domiciled in the Island of Porto Rico and not domiciled in the state of New Jersey, and that the defendant is a corporation under the laws of the state of New Jersey not domiciled in the Island of Porto Rico and not domiciled in the state of Louisiana. In determining whether this motion should be granted or denied, this court is required to pass upon an apparent conflict between certain provisions in § 41 and certain provisions in § 42 of the act of Congress approved March 2, 1917, which is commonly called the Jones Bill, and also regarded as the Organic Law of Porto Rico.

That part of § 41 pertinent to the present controversy reads as follows: "Said district court shall have jurisdiction of all controversies where all of the parties on either side of the controversy are citizens or subjects of a foreign state or states, or citizens of a state, territory, or district of the United States not domiciled in Porto Rico, wherein the matter in dispute exceeds, exclusive of interest or costs, the sum or value of $3,000, and of all controversies in which there is a separable controversy involving such jurisdictional amount and in which all the parties on either side of such separable controversy are citizens or subjects of the character aforesaid; Provided, that nothing in this act shall be deemed to impair the jurisdiction of the district court of the United States for Porto Rico to hear and determine all controversies pending in said court at the date of the approval of this act." [39 Stat. at L. 965, chap. 145,

Comp. Stat. § 3803 qq, Fed. Stat. Anno. Supp. 1918, p. 626.]

That part of § 42 which must be construed by this court in determining this controversy reads as follows: "That the laws of the United States relating to appeals, writs of error and certiorari, removal of causes, and other matters or proceedings as between the courts of the United States and the courts of the several states, shall govern in such matters and proceedings as between the district court of the United States and the courts of Porto Rico."

It will thus be seen that § 41 provides for a jurisdiction quite different from the jurisdiction of the Federal courts which are established in the various states of the Union. It is distinctly provided that this court shall have jurisdiction of all controversies where the plaintiff and the defendant are citizens of a state, territory, or district of the United States not domiciled in Porto Rico, wherein the matter in dispute exceeds the sum or value of $3,000, exclusive of interest or costs. But when we turn to § 42 we find a provision that the laws of the United States relating to removal of causes and other matters or proceedings as between the courts of the United States and the courts of the several states shall govern in such matters and proceedings as between the district court of the United States in Porto Rico and the Insular courts of Porto Rico. Being called upon to reconcile, if possible, these apparent conflicting provisions between § 41 and § 42 of the Jones Bill, it seems to me, that, after § 41 clearly confers jurisdiction upon this court to determine a controversy exceeding $3,000 in amount between a Louisiana corporation and a New Jersey corporation, the provisions of § 42 above quoted must be interpreted as relating to procedure.

American Rice Milling Co. v. Armour & Co.

It is difficult for me to conceive that Congress, after conferring, in § 41, peculiar jurisdiction upon this court, quite different from that which is conferred upon a Federal court sitting in any one of the states of the Union, intended to destroy or restrict such jurisdiction by the language found in § 42. Therefore, I feel constrained to hold that the first paragraph of § 42, above quoted, has reference to matters of procedure, and not jurisdiction.

After having held that § 41 confers distinct and peculiar jurisdiction upon this court, the decisions cited by the plaintiff in the Wisner Case, 203 U. S. 449, 51 L. ed. 264, 27 Sup. Ct. Rep. 150, also the case of Nickels v. Pullman Co. 268 Fed. 610, are clearly not applicable to the present controversy. It therefore remains for us to discuss the effect of the decision of the Supreme Court of the United States in the case of the Porto Rico R. Light & P. Co. v. Mor, 253 U. S. 348, 64 L. ed. 945, 40 Sup. Ct. Rep. 516. It is true that Justice Brandeis, speaking for the Supreme Court, says that the Jones Bill manifests a general purpose to curtail greatly the jurisdiction of this court. He also says that if the application of the clause be doubtful, we should construe the provision in such a manner as to effectuate the general purpose of Congress.

When we come to examine this case of the Porto Rico R. Light & P. Co. v. Mor, we find that Mor was an alien, a subject of Spain, who had his domicil in Porto Rico, and that he brought a suit in this court against a corporation organized under the laws of Porto Rico and domiciled in Porto Rico. It is easily seen how very different that case is from this case. Mr. Justice Brandeis comments upon the well-known fact that there are many Spaniards domiciled in Porto Rico who should

American Rice Milling Co. v. Armour & Co.

have the right to litigate their controversies against defendants domiciled in Porto Rico before the Insular courts, where the Spanish language is used. The learned justice also dwells upon the fact that a denial of the right of a Spaniard domiciled in Porto Rico to have his controversies against a defendant also domiciled in Porto Rico ventilated before the Insular court would be inconsistent with the spirit of article 11 of the Treaty of 1898 between Spain and the United States. This treaty granted to Spaniards residing in Porto Rico "the right to appear before such courts and to pursue the same course as citizens of the country to which the courts belong." Even though such Spaniard domiciled here *preferred* to litigate in the Federal court, as Mor did, the construction placed by the United States Supreme Court on the act of Congress operates as a denial.

But in the case *now* under consideration neither party is an alien. Both parties are corporations. One corporation was created by the laws of the state of Louisiana and the other corporation was created by the laws of the state of New Jersey. Neither of the two corporations is domiciled in Porto Rico.

The complaint alleges that a certain contract was made for the sale of a large quantity of rice, payment to be made by the defendant when the goods arrived here in Porto Rico; that the goods arrived and payment was not made. Thus, we have clearly a case of a contract to be performed in Porto Rico, and, although this court is not seeking or desiring to perform the work of trying cases originally brought before this court, yet when a case is removed lawfully and in accordance with § 41 of the Organic Act of Porto Rico, it is the duty of this court to maintain jurisdiction, and not to remand the case. It is difficult for

American Rice Milling Co. v. Armour & Co.

me to believe that Congress ever intended to force into the Insular court a controversy between two American corporations, incorporated under different states, and shut against them the doors of the Federal court.

For the reasons stated, the motion to remand is denied, and counsel for the plaintiff excepts to this ruling.

It is so ordered.